CASE 21—INDICTMENT—MAY 3, 1883.

# Warmoth v. The Commonwealth.

### APPEAL FROM MEADE CIRCUIT COURT.

1. A distinction exists where a servant has merely the custody, and where he has the possession of goods.

2. Generally where the agent has received goods or money to carry, deliver, or control for his principal, unless the agent parts with the manual possession, and delivers the property to the principal, or another for him, he cannot be convicted of larceny.   The offense is embezzlement.

C. C. FARLEIGH AND LEWIS & FARLEIGH FOR APPELLANT.

1. There never can be a larceny without a trespass.   (Bishop on Crim. Law, vol. 2, sec. 808; Greenleaf on Evidence, vol. 3, sec. 161.)

Warmoth v. The Commonwealth.

2. Possession of some sort must be in the prosecutor. (Wharton on Am. Law, sec. 1818; Bishop on Crim. Law, vol. 2, secs. 828, 1003; The Spirit of Laws, book 6; ch. 2, Gen. Stat.; *Ib.*, sec. 2, art. 11, ch. 29; 13 Bush, 719; Bac. Ab., Felony, art. C, and Master and Servant, art. M, 2; Hale's Pleas of the Crown, 505; Roscoe's Crim. Ev., 484; 4 Met., 374; 5 Bush, 430.)

P. W. HARDIN, ATTORNEY GENERAL, AND M. A. & D. A. SACHS FOR APPELLEE.

No brief.

CHIEF JUSTICE HARGIS DELIVERED THE OPINION OF THE COURT.

The appellant was indicted, tried, and convicted of the offense of grand larceny, charged to have been committed by feloniously taking and carrying away $2,647.57 in United States currency and bank notes, the property of the Adams Express Company, W. B. Dinsmore, and others.

He has appealed, and his counsel insist that the facts proven make out a case of embezzlement, and not that of larceny, and that the court erroneously instructed the jury. Upon first consideration, we were of the opinion that the crime alleged had been proven, but that is a fact which the jury have the exclusive right to determine under proper instructions; consequently, the only point necessary to be decided is, whether the jury were rightly instructed, and not whether we believe the facts constitute grand larceny.

The Adams Express Company, a joint stock company, employed Shain as its local agent at Brandenburg.

Shain furnished a room and safe in which to deposit the money and valuable articles consigned to the company for transportation, and the appellant, as his clerk, by consent of the company, did the work, and transacted the business of the company for Shain, who gave a bond to the company as its agent. The appellant was doing business generally for Shain as his clerk, and, among other duties, he

was required to attend to receiving and receipting for money and goods delivered to the Express Company for transportation, for which Shain paid him.

The evidence tends to show that the custom of the appellant was, when he received packages of money or other articles for the company, to deposit them in Shain's safe, and afterwards, when the steamboat came along, to deliver the money to the company's agent on the boat, and that he received and receipted for the money charged to have been stolen, and appropriated it to his own use and ran off.

The court instructed the jury, in substance, that if the appellant received or receipted for the money, either as agent or clerk of the agent of the express company, which was to transport it for hire, then the money was legally in the possession of the company, and if appellant took and carried it away with a felonious intent, he was guilty of larceny.

Wharton and Bishop lay it down as a general rule that there can be no larceny without a trespass, and that the statutes of embezzlement were passed to make punishable acts of misappropriation where there was no trespass.

A distinction exists where a servant has merely the custody and where he has the possession of the goods. In the former case the felonious appropriation of the goods is larceny; in the latter it is not larceny, but embezzlement.

The custody alluded to is such as that of a butler or house servant of household goods, a hired hand of the plow and horses of the farmer for whom he is laboring, &c., and the possession mentioned is an actual or constructive possession of the master or employer at the time the goods are taken. What constitutes such a possession

Warmoth v. The Commonwealth.

in many cases requires some nicety of analysis to determine.

Generally, where the agent has received goods or money to carry, deliver, control, or manage for the principal, unless the agent parts with the manual possession, and delivers the property to the principal or another for him, or places it in some depository, such as a drawer or safe provided for the purpose, and to which the principal or superior agents have access, or over which they have control, he cannot be convicted of larceny for a felonious appropriation of the goods or money, the offense being embezzlement. (Johnson v. Commonwealth, 5 Bush, page 431.)

In the case before us if the appellant, after he received and receipted for the money, deposited it in the safe provided by Shain, and then feloniously extracted the money from the safe, and carried it off, his offense was grand larceny, for the possession of Shain was also the possession of the company.

This view of the case was not embraced by the instructions, which should have been done, leaving the jury to determine whether the appellant, after he received the money, deposited it in the safe, and afterwards extracted it from the safe with a felonious design to appropriate it to his own use.

Wherefore, the judgment is reversed, and cause remanded, with directions to grant appellant a new trial.