## H. C. WARMOUTH *v.* COMMONWEALTH.

**Indictment for Forgery.**
> A receipt is a writing of a character which is subject to forgery.

**Former Jeopardy.**
> A plea of former jeopardy is insufficient when it does not show that the indictment dismissed in pursuance to the court's mandate was a legally sufficient indictment. One could not have been in legal jeopardy unless his former trial was upon a good indictment for the same offense.

### APPEAL FROM MEADE CIRCUIT COURT.

### December 13, 1883.

OPINION BY JUDGE HARGIS:

The indictment in this case states, not only the substance of the receipt which was forged by the appellant, but it sets it out in so many words and also explains the meaning and purpose of the words and letters of the receipt. The purpose of such a receipt fully appears from the facts alleged in the indictment so that a person of ordinary understanding would know that it evidenced the delivery. if true, of the $1,400 to the express company, and that it enabled the appellant to conceal, for a time at least, his felonious appropriation of the money from his employers, and would to some extent, when the felony should be discovered, serve to divide the responsibility therefor and confuse the facts as to the time or place of the act or the name of its perpetrator.

This shows that the writing was of the character subject to forgery. As to whether the appellant forged the initial of the express agent's signature, the jury have said he did, or that he filled up the entry after initial "S" was made, and their verdict is sustained by the evidence, which also shows that appellant feloniously appropriated the $1,400 named in the receipt.

The plea of former jeopardy was insufficient because it did not show that the indictment dismissed in pursuance to the mandate of this court was a legally sufficient indictment. The appellant could not have been in legal or constitutional jeopardy unless his former trial was upon a good and sufficient indictment for the same offense of which he stands convicted in this prosecution. If the plea were

technically sufficient on demurrer the facts of the record exhibit the truth which the plea was worked to avoid, and demonstrates that there is no shadow of right in the plea of former jeopardy.

The first instruction taken in connection with the other instructions, and especially the third, is not erroneous for it took the body of the receipt and the initial letter "S" to make the offense forgery, of which the appellant could not have been convicted under the instructions unless he forged the letter "S" as the signature of the agent, or took advantage of his mistake and placed the description of the package before "S", which Slaughter (the agent) had written at the end of the blank in the way bill book.

The direct evidence, in view of the powerful circumstances, furnish a motive for the appellant's crime and leaves but little room to doubt his guilt. He has had three trials, in each of which the evidence showed him to have committed a felony; but by mistake of the prosecution or through failure to adhere to the forms of law in two of them he received a reversal of the judgments. In this case, however, he seems to have had a legal trial and the judgment must be *affirmed*.

*C. C. Fairleigh, Lewis & Fairleigh, for appellant.*

*P. W. Hardin, for appellee.*

[See *Warmoth v. Commonwealth,* 81 Ky. 133, 4 Ky. L. 937; *Wormoth v. Commonwealth,* 11 Ky. Opin. 670.]