Case 8.—ACTION BY NELLIE PATTEN AGAINST H. C.
SHIPP FOR SLANDER.—May 22.

123   65
f133   394
133   395

## Shipp v. Patten.

Appeal from Harrison Circuit Court.

L. P. FRYER, Circuit Judge.

Judgment for plaintiff. Defendant appeals. Reversed.

1. Slander—Actionable Words—The following words: "Miss
Nellie, when she was employed as a clerk in my store, dishonestly took away goods from the store that did not belong to her;
I found in her grip a lot of goods that she had dishonestly
taken from my store and put in her grip, and I accused her of
dishonestly taking them," import a charge of larceny and are
per se actionable as slanderous, under the weight of authority
in this State.

2. Defense—Denial in Part—Privileged Communication—Election
—Error in Instructions—The defendant, by his plea, admitted
he spoke the words alleged, except that he did not use the word
"dishonestly," and pleaded that the words spoken by him were
spoken in confidence and were a privileged communication, and
being required to elect whether he would stand by his denial
of having charged the plaintiff with taking the goods "dishonestly" or upon his plea of privileged communication, under
protest elected to stand upon the latter defense. The court,
in its instructions, said to the jury that it was admitted by the
pleadings that the defendant had spoken the words alleged in
the petition, which included the word "dishonestly." This
was error and prejudicial to the defendant.

3. Question for Court—It is the province of the court to decide
whether a communication is or not privileged when the facts
are not in dispute, but when in dispute the question is for the
jury.

M. C. SWINFORD, attorney for appellant.

### POINTS AND AUTHORITIES CITED.

1. Petition not good on demurrer without showing special damages. (Sharpe v. Bowlar, 19 R., page 2019; Monroe v. Davis,
26 R. p. 729; McCauly v. Elrol, 16 R. p. 293; Muld v. Rogers, 102

Ky. p. 280; Blackburn v. Clarke, 19 R., p. 659; Dodge v. Chivlery 23 R., page 549; Brown v. Piner, 6 Bush, page 518; Hawn v. Smith, 4 B. Monroe, page 386; Sutherland on Damages, Vol. 4, page 3510, Sec. 1215; Sutherland on Damages, Vol. 4, page 3482, Sec. 1204; Sutherland on Damages, Vol. 4, page 3517, Sec. 1218; Abbott's Trial Evidence, 2d Ed., page 844; Smith v. Commonwealth, 96 Ky., page 85;

2. The court erred in requiring defendant to elect and sustaining motion to strike out of substituted answer: Louisville Courier Journal Co., v. Weaver, 13 R., page 600; Rooney v. Tierney, 82 Ky., page 253; Harper v. Harper, 10 Bush, page 447; Lane & Wife v. Bryant, 100 Ky., page 138; Sharpe v. Bowlar, 19 R., page 2018; Morris v. Curtis, 20 R., page 56.

3. The court erred in giving instruction No. 1 over the objection and exception of defendant: Sackett on Instructions to Juries, 2d. ed., page 842, Sec. 24; Sackett on Instructions to Juries, 2d. ed., page 341, Sec. 31.

4. The court erred in giving instruction No. 7 over the objection and exception of defendant: (Louisville Press Co. v. Tennelly, 106 Ky., page 371.)

5. The court erred in refusing instruction "C," offered by defendant, to which he objected and excepted at the time of the trial: (Letton v. Young, 2 Met., page 558; Taylor v. Moran, 4 Met., page 133; Crenshaw v. Bowman, 11 R., page 442.)

6. The court erred in the admission of incompetent testimony over defendant's objection and exception, and especially in not properly cautioning the jury as to the weight to be given to the evidence of Abner Oldham and Jack Patton, and also as to the conversation subsequent to the communication declared on: (Taylor v. Moran, 4 Met., page 133.)

7. The verdict is flagrantly against the weight of the evidence and should be set aside: (Abott's Trial Evidence, 2nd Ed., page 842; Buisson v. Huard, 56 L. R. A., page 296 10 La., 768.)

HAZELRIGG & HAZELRIGG for appellant.

C. J. BRONSON, HANSON PETERSON and A. R. BURNAM of counsel.

### POINTS AND AUTHORITIES.

1. All defenses are available in slander cases except when inconsistent. (Civil Code, Sec. 113, Sub. Sec. 2 & 4; Harper v. Harper, 10 Bush, 447; Rooney v. Tierney, 82 Ky., 253.)

2. It was competent and not inconsistent for the defendant to deny using the malice bearing adverb "Dishonestly" in the communication,—admitting at the same time the use of the substance of the conversation as charged in the petition and plead-

Shipp v. Patten.

ing it as privileged. The use of that word tended to prove malicious intent, and its non-use tended to show want of malice. (Brite v. Gill, 2 T. B. Mon., 65.)

3. The pleadings presented no issue save that of express or actual malice on the one hand, or good faith on the other. The instructions were based on a total misconception of the law of the case and on the issues involved.

4. Whether the circumstances attending the communication as established by the uncontradicted testimony gave rise to the doctrine of conditional privilege, was a question of law and this question was erroneously left to the jury. Under the instructions the jury might have determined and doubtless did determine, that it was not the social duty of defendant to answer the inquiries of Vanderen. (Newell, Sec. 9 and 10, pages 391 and 392.)

5. As matter of law it was the duty of the defendant to answer these inquiries and the jury should have been so told, and if answered in good faith; he was not answerable for slander. (Newell Secs. 81 and 87 pages 490 and 494.)

6. The peremptory instruction asked by defendant should have been given because the whole communication properly attempted to be pleaded by the defendant shows that the communication was not defamatory and at most only imported a breach of duty on the part of plaintiff in not charging the goods to herself. She had the right to take them and could not be guilty of larceny in taking them. (Brite v. Gill, SUPRA.)

BERRY & WEBSTER, for appellee.

## CITATIONS OF AUTHORITY.

Newell on Libel and Slander, 2d Ed., 619; Hume v. Arrowsmith, 1 Bibb, 165; Logan v. Steele, 19 Bibb, 593; Jones v. McDowell, 4 Bibb, 188; Logan v. Steele, 1 Bibb, 594; McGowan v. Menifee, 7 T. B. M., 314; 4 Coke, 20 Robinson Ky. Crim. Law & Procedure, Vol. 1, 420; Warmoth v. Commonwealth, 81 Ky., 133; Harper v. Harper, 10 Bush, 454; Morgan v. Booth, 13 Bush, 480; Rooney v. Tierney, 82 Ky., 243; Lane and wife v. Bryant, 100 Ky., 138; Jones v. Forehand, 32 Amer. S. Reports, 82; Sharpe v. Bowlar, 19 K. L. R., 2018; Blashfield on Instructions to Juries, 379; Clift v. Stockdon, 4 Lit., 217; Nicholson v. Merritt, 23 K. L. R., 2283; Nicholson v. Rust, 21 K. L. R., 645; Courier Journal Company v. Sallee, 20 K. L. R., 643; Frey v. Matthias, 18 K. L. R., 913; Cooper v. Toebe, 15 K. L. R., 844; O'Connor v. Henderson Bridge Co., 95 Ky., 633; Tarvin v. Timberlake, 18 K. L. R., 807; McClain on Criminal Law, 1st Vol., Sec. 556.

JOHN R. ALLEN, for appellee.

### AUTHORITIES CITED.

Civil Code of Practice, Section 124, Sharp v. Bowlar, etc., 19 Ky. Law Rep., 2018; Odgers on Libel and Slander, First American edition edited by Melville M. Bigelow, Section 215, bottom page 194; same book, Odgers on Libel and Slander in Volume 13 of the Text Book Series published by Blackstone Publishing Company taken from Second English Edition, Sec. 216, top page 163, bottom page 325.

OPINION BY JUDGE NUNN—Reversing.

The appellee instituted this action against appellant, and charged that he willfully and maliciously uttered and published of and concerning her, in the presence and hearing of divers persons, these words: "Miss Nellie, when she was employed as a clerk in my store, dishonestly took away goods from the store that did not belong to her. I found in her grip a lot of goods that she had dishonestly taken from my store and put in the grip, and I accused her of dishonestly taking these goods, and she broke down and cried and begged me not to discharge her because it would disgrace her, and I kept her a few days longer in the store, and then discharged her. I would say this to anybody, because I can prove it, and I wouldn't hesitate to go into her own family and say just what I have said to you." The appellant filed a demurrer to the petition, which was overruled. It is contended that this was error, for the reason that the words charged were not per se actionable. Appellant based this contention upon the theory that, as appellee was one of the clerk's in appellant's store, she had such possession of the goods that, in taking them from the shelves, secretly, with the purpose to convert them to her use, she was not guilty of the crime of larceny, but only of a breach of trust.

The appellant's counsel refers to authorities which seem to sustain his position, but the weight of authority and the more reasonable rule appears to be opposed to it. In Robinson's Kentucky Criminal

Law vol. 1, section 420: "There is a difference be-
tween the terms 'custody' and 'possession.' Posses-
sion is the present right and power to control a thing.
A person has the custody of property, as distin-
guished from the possession, where he merely has
the care and charge of it for one who retains the
right to control it, and who therefore retains con-
structive possession. Where goods are delivered by
the master to his servant or other agent, he parts
with the custody only, and not the possession; he has
constructive possession. A servant, therefore, or
other agent, who has merely the care and custody of
his master's goods, is guilty of larceny if he con-
verts them to his own use without his master's con-
sent. Thus, where a clerk in a store takes money
from the safe or cash drawer of his employer with
a felonious intent, or removes goods from the shelves
intending to steal them, he is guilty of larceny." See
also, on the same point, Warmoth v Commonwealth,
81 Ky. 133, 4 Ky. L R 937. Admitting, however, the
contention of appellant's counsel that appellee's pos-
session of the goods was such that, in taking and con-
verting them, she was not guilty of the crime of
larceny, yet the words charged in the petition show
that she was guilty of the offense provided by a
statute enacted in 1902—that of fradulently convert-
ing property, held in a trust relation, without the
consent of the owner. See Commonwealth v. Barney,
74 S. W. 181, 24 Ky. Law Rep. 2352, and Allen v.
Brady, 83 S. W. 565, 26 Ky. Law Rep. 1173.

The appellant filed an answer and several amended
answers, and in substance denied that he willfully or
maliciously uttered or published the words charged,
or that he spoke or published the words as charged.
but alleged in substance that he spoke and published
them in effect as charged, except the word "dishon-
estly," which word he denied having used of and con-
cerning the plaintiff. By a second paragraph he

pleaded that the words actually used by him of and
concerning the appellee were spoken in confidence
and were under the circumstances a privileged com-
munication. and gave the facts and circumstances
showing the privilege. Upon motion of appellee, ap-
pellant was required to elect whether he would stand
by his denial of having charged appellee with taking
the goods ''dishonestly,'' or upon his plea of priv-
ileged communication in the second paragraph. Un-
der protest he elected to stand upon the defense of
privileged communication. The substance and effect
of the pleadings of appellant were to deny the malice
and the use of the word ''dishonestly'' wherever it
occurred in the alleged slanderous words charged,
and an admission of the use of all the other words.
By the action of the court he was forced to admit
the use of the word ''dishonestly'' before being al-
lowed the right of his plea of privilege. This placed
the defendant at a great disadvantage. The proof
showed that in relating the communication to Dr.
Varderen, to whom the alleged slanderous words
were uttered, the appellant did not use the word
''dishonestly,'' but the court in instructing the jury
said: ''That it was admitted by the pleadings that
appellant had spoken of and concerning the appellee
the language as charged in the petition.'' and then
copied it, including the word ''dishonestly'': ''That
she had dishonestly taken his goods from the store,
*   *   *   and I accuse her of dishonestly taking
these goods.'' etc. By the use of this word as it oc-
curs in the language charged, there was a ''sting''
added which would not have existed, if the appellant
had been permitted to deny the use of that word.

The measure or extent of the injury to appellant,
by the court telling the jury that he admitted the use
of this word, can better be understood and appre-
ciated, when considered in connection with two other
instructions given. One was given in behalf of ap-

pellant on the question of privilege, which closed by
the use of the following words: "They will find for
the defendant, unless they believe from the evidence
that such speaking was done by the defendant with
actual or express malice towards plaintiff." By the
other the court said to the jury they might in their
discretion award punitive damages. It will be readily
seen that the use of that word was calculated to in-
jure the appellant, it aided the jury in arriving at
the conclusion that the appellant was actuated by
malice, and possibly prevented the jury from finding
for him; or, at least, it may have caused the jury to
increase the amount of their verdict by way of punish-
ment. To illustrate: Suppose A. says of B., that he
is a horse thief; he stole C.'s horse. B. sues A. for
slander, and alleges that A. said of and concerning
him "that he was a convicted horse thief and scoun-
drel; that he stole C.'s horse." The words actually
used by A. were per se slanderous, as were the words
used in the case at bar. It is certain, however, the
added words were prejudicial to the defendant, es-
pecially when the court tells the jury that the defen-
dant admits that he used them. To say that a defen-
dant in a slander suit must admit all the words
charged, before he is allowed to plead a qualified priv-
ilege, places the defendant in a dilemma; if he denies
the speaking of the words, the plaintiff will often
prove the substance of them, and recover. If he is
compelled to admit all the words to plead the priv-
ilege, then often he will admit that which is not true
in fact, and enough to show that he was actuated by
malice, which will defeat him.

The plea of the appellant in this case was in its na-
ture a plea of confession and avoidance, and, while
denying the use of the word "dishonestly," confessed
enough to give "color" to appellee's petition—that
is left uncontroverted enough to give her a cause of
action. In Chitty on Pleadings, top page 552, it is

said: "The plea in avoidance must therefore give color to the plaintiff; that is, must give him credit for having an apparent or prima facie right of action, independently of the matter disclosed in the plea to destroy it." In Vol. 4 Ency. Pleading & Practice, 669, this language from Chitty is copied, and many authorities cited to sustain it. In Stephen on Pleading, p. 206, the word "color" is defined. The author says: "As a' term of pleading, it signifies an apparent or prima facie right; and the meaning of the rule that every pleading in confession and avoidance must give color is that it must admit an apparent right in the opposite party, and rely therefor on some new matter by which that apparent right is defeated." This particular point in pleading has not been considered by this court, or, at least, we have not been able to find any decision directly in point. In our opinion when this court said, in the cases of Harper v. Harper, 10 Bush, 447; Roony v. Tierney, 82 Ky. 255, and other like cases, that before a defendant could plead the privilege and justify the speaking, he must admit the uttering of the words as charged in the petition; that this language was used in these decisions subject to the qualification and restrictions as defined in Chitty and Stephens on pleadings. That is, the court meant that the defendant must admit the speaking of the words as charged in the petition, or, at least, enough to give the plaintiff color, i. e., admit enough of the words to give him credit for having an apparent right or cause of action. This is the correct rule, and unquestionably is a just one; otherwise a defendant in a slander suit is placed at a great disadvantage.

The appellant also complains that the court erred in not deciding as a matter of law that the occasion upon which the language used by the appellant to Dr. Vanderen was a privileged one, instead of submitting that question to the jury. The appellant is not in

a position to complain of this, for all the instructions given on this point were offered by him. It is, however, the province of the court to decide whether a communication is privileged, or not, when the facts are not in dispute, but when in dispute the question is for the jury. If the pleadings are made up on the return of the case as indicated, the appellee will be entitled to the burden, and the opening and closing argument. The appellant controverted a material part of her case—the malice and a part of the alleged slanderous words. She will still have the right to prove her whole case as alleged.

For the reasons given the judgment is reversed, and remanded for a new trial consistent herewith.