BIRGBAUER *v.* ÆTNA CASUALTY & SURETY CO.

1. JUDGMENT—SUMMARY JUDGMENT—AFFIDAVIT OF MERITS—SUFFICIENCY.

On motion for summary judgment under 3 Comp. Laws 1915, § 12581, in action on theft insurance policy, defendant's affidavit of merits was fatally defective in that it did not comply with Circuit Court Rule No. 34, as amended, and failed to show affirmatively that affiant, if sworn as witness, could testify competently to facts set forth.

2. INSURANCE—INSURER BOUND BY WORDING OF CONTRACT PREPARED BY IT.

Insurance company is bound by the wording of the contract it prepared.

3. Same—Technical Construction of Policy Not Favored.

Law does not countenance technical construction of contract in favor of insurance company, but obscure and ambiguous provisions are to be liberally construed.

4. Same—Theft Insurance—Care and Custody.

Where insured's salesman left insured diamonds in locked brief case in locked automobile within 15 feet of where he stood in open doorway, when he was held up, the keys taken, and the diamonds stolen, they were taken from one who had "actual care and custody" of them within meaning of theft insurance policy; there being distinction between "physical possession" and "care and custody."

Error to Wayne; Hunt (Ormond F.), J. Submitted June 6, 1930. (Docket No. 68, Calendar No. 34,878.) Decided October 3, 1930.

Assumpsit by Conrad Birgbauer, doing business as Modern Diamond Tool Company, against Ætna Casualty & Surety Company, of Hartford, Connecticut, a Connecticut corporation, on an insurance policy. From a summary judgment for plaintiff, defendant brings error. Affirmed.

*Wayne Van Osdol*, for plaintiff.

*Wiley, Streeter, Smith & Ford*, for defendant.

Butzel, J. Plaintiff is in the business of selling diamonds and diamond tools in the city of Detroit to manufacturers. He was insured for $15,000 by defendant company against loss of uncut commercial diamonds by a robbery of himself or any employee having the "actual care and custody" of his diamonds. Plaintiff employed one Harry Dodds as a salesman and provided him with a brief case equipped with a special lock, and also with a Chevrolet coupé equipped with a regular door lock, so that Dodds could call upon prospective customers.

On the 30th day of September, 1929, Dodds took the brief case containing uncut diamonds valued at $20,-000 to call upon the trade. Plaintiff instructed him also to stop at a tin shop in the city of Detroit for the purpose of picking up a diamond gauge which was being made for plaintiff. Dodds parked his car within 10 feet of the front door of the tin shop, left his locked brief case containing the diamonds in the car, closed and locked the doors of the car, and walked through the open doorway of the tin shop, approximately 5 feet so that he was then 15 feet from the car, where he was held up by thugs. Pointing one or more guns at Dodds, they took from his pocket the keys to the automobile and the brief case, together with his other valuables, as well as those of three other men in the shop. Dodds and the other men were then forced into a lavatory in the rear of the shop, the door to which was thereupon locked and nailed from the outside. After being locked there two minutes they broke down the door. When Dodds reached his automobile, he found the door open and the brief case containing the diamonds stolen. Plaintiff suffered a loss of more than $20,000.

After defendant denied liability and refused to furnish forms for proof of loss, plaintiff brought suit on the policy. Defendant pleaded that Dodds, plaintiff's agent, had no business to go into a poorer section of the city where some undesirable citizens live and illicit businesses are carried on; that plaintiff failed to take reasonable precautions to safeguard the property; that the policy was procured fraudulently; that the property was not taken from one who had the "actual care and custody" of it; and finally, that the conditions of the policy had been breached because it provided that not more than one

person at a time could take plaintiff's property out for the purpose of displaying it to the trade, and that at the time of the robbery another agent of plaintiff, one Irving Grant, was displaying diamonds valued at $10,000 to a prospective customer in the General Motors Building. Plaintiff thereupon made a motion for a summary judgment. In support thereof he filed and served his own affidavit, and those of Dodds and Grant.

The affidavits on behalf of plaintiff were full and complete and conformed with the provisions of the statute (3 Comp. Laws 1915, § 12581). That of plaintiff refers to the terms of the policy, shows a loss exceeding $15,000, and shows that defendant's liability with interest up to the time of the filing of the affidavit amounted to $15,195.50. The affidavit of Dodds explains exactly how the robbery took place. The affidavit of Irving Grant, the salesman, recites that at the time of the robbery he had taken some "cut" diamonds, sent on consignment to plaintiff by a New York merchant, for the purpose of showing them to a prospective customer in the General Motors Building, who wanted to buy a Christmas present for his wife. Plaintiff's policy covered only "uncut" diamonds.

Defendant filed an affidavit of merits signed by its adjuster in which it very briefly set forth the claim that plaintiff had no right to send Dodds to the district where the robbery had taken place; that the goods were not in the actual care and custody of Dodds when the robbery took place; and, further, that plaintiff's salesman, Grant, also had $10,000 of plaintiff's diamonds in his possession at a place other than the business premises occupied by plaintiff at the time that Dodds was robbed in the manner hereinbefore set forth.

On the hearing of the motion, the circuit judge rendered a judgment for $15,200. This is $5,000 less than plaintiff's actual loss but for the full amount of the policy plus·interest from the time defendant refused to pay the loss.

Defendant's affidavit of merits is fatally defective in that it does not comply with Circuit Court Rule No. 34, as amended. It does not show affirmatively that the affiant, if sworn as a witness, could testify competently to the facts set forth. Furthermore, it raises only questions of law which were correctly decided by the circuit judge. The policy does not state that the uncut diamonds must be in the actual physical possession and control of the plaintiff or his agent, but only required that they must be "in the actual care and custody" of plaintiff or his agent. The property was locked in the automobile within 15 feet from where Dodds was held up in broad daylight, during business hours. Had he carried the brief case containing the diamonds 15 feet from the automobile to where he was held up, he could not have prevented the loss. Defendant drew its own contract. It could easily have provided in the contract that plaintiff or its agent should always retain the actual, physical control and possession of the insured property. Had it done so, we would have been confronted with a different question.

Defendant is bound by the wording of the contract it prepared. *Griffin* v. *General Casualty & Surety Co.,* 231 Mich. 642. The law does not countenance a technical construction of a contract in favor of an insurance company; obscure and ambiguous provisions are to be liberally construed. *Barney* v. *Insurance Exchange,* 240 Mich. 199. When the property was turned over to plaintiff's agent, Dodds, it was in his care, and when it was

locked in the brief case, which in turn was locked in the car within 15 feet of where he stood in the open doorway, it still remained in his custody. The distinction between the terms "physical possession" and "care and custody" is set forth in *Klemmer* v. *Railroad Co.*, 163 Pa. St. 521 (30 Atl. 274), and *Shipp* v. *Patten*, 123 Ky. 65 (93 S. W. 1033).

Defendant contends that the summary judgment law is unconstitutional. This question was fully discussed in the case of *Peoples Wayne County Bank* v. *Wolverine Box Co.*, 250 Mich. 273; and the constitutionality of the act was upheld.

The judgment is affirmed, with costs to plaintiff.

Wiest, C. J., and Clark, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.