WARREN BARR SUPPLY CO., Plaintiff-Appellant, *v.* HABER CORPORATION *et al.*, Defendants-Appellees.

(No. 56153; )

First District (2nd Division)—May 15, 1973.

Pedersen & Houpt, of Chicago, (Herbert J. Linn, of counsel,) for appellant.

Norman P. Wexler, of Wexler, of Chicago, for appellees.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This appeal is from a judgment that dismissed a suit by plaintiff, Warren Barr Supply Co., an Illinois corporation, against Ethel Haffa, the only one of five defendants who appeared and filed an answer. Plaintiff sought to recover from defendants the sum of $2,734.23 for fixtures and supplies which it had sold to the Haber Corporation.

In its complaint, plaintiff alleged that: "* * * Ethel Haffa, Pauline Haffa, Mae Haffa and Dora Haffa, each executed a personal uncondi-

tional guaranty of all debts and obligations of the Defendant Haber Corporation, to the plaintiff Warren Barr Supply Co. Said guaranty is dated the 10th day of June, 1966, a copy of which is marked Exhibit B and made a part of this complaint." In her answer, Ethel Haffa alleged that: "* * * This Defendant denies * * * she executed a personal guaranty, a copy of which is attached to the complaint * * *, and specifically denies that the signature appearing on the said guaranty, 'Ethel Haffa,' is the signature of this Defendant, and this Defendant denies specifically that she signed the said guaranty."

Plaintiff did not file a reply. At the trial, Ethel Haffa made an oral motion to dismiss plaintiff's suit on the ground that her answer alleged new matter, that is, an affirmative defense which required a reply. Plaintiff objected, arguing that the answer was merely a repetitious denial devoid of any new matter. The trial court, however, sustained the motion and dismissed plaintiff's suit. Before expiration of 30 days, plaintiff moved to vacate the dismissal and for an opportunity to file a reply. The motion was denied.

Seeking reversal, plaintiff presents three issues. First, whether Ethel Haffa's answer set forth new matter that constituted an affirmative defense to the complaint. Second, whether it was an abuse of judicial discretion for the trial court to dismiss plaintiff's suit because it did not file a reply to Ethel Haffa's answer. Third, whether, under the circumstances of this case, it was an abuse of judicial discretion for the trial court to refuse plaintiff the opportunity to file a reply.

For its position on the first issue, plaintiff contends that Ethel Haffa's answer did not state an affirmative defense. Therefore, it was error for the trial judge to dismiss the complaint for failure to file a reply. For her position, Ethel Haffa contends that her answer set forth new matter that constituted an affirmative defense and required a reply by the plaintiff.

■■ New matter, in the answer of a defendant, refers to facts which are extrinsic to those alleged in a complaint. As thus meant, new matter refers to acts, transactions or happenings which are subsequent to those things complained about by the plaintiff: those which are not original to the transaction but independent of it; that is, occurrences which have arisen since the cause of action came into existence. 61 Am.Jur.2d Pleading § 153.

■■ It is generally said that if what is alleged in an answer amounts to a denial, it is not new matter. (*Stephens v. Conley* (1914), 48 Mont. 352, 138 P. 189.) If the facts alleged in an answer can be proved under a denial, they do not constitute new matter and no reply is required. (*Mauldin v. Ball* (1883), 5 Mont. 96, 1 P. 409.) To require a reply, an affirmative defense consisting of new matter must either expressly or by

implication admit the allegations of a complaint but allege facts that destroy the legal effect of the averments or defeat them. (61 Am.Jur.2d Pleading § 152.) The criteria for determining if a defense is of an affirmative nature is whether by its allegations a defendant gives color to his opponent's claim and then asserts new matter by which the apparent right is defeated. (*Horst v. Morand Brothers Beverage Co.*, 96 Ill.App.2d 68, 237 N.E.2d 732.) As a term of pleading, the expression "gives color" means the admitting of an apparent right in the opposite party. (*Shipp v. Patten* (1906), 123 Ky. 65, 93 S.W. 1033.) If there is reliance on new matter to defeat the apparent right, a reply is required. But if a complaint negatives the allegations of an affirmative defense, no reply is necessary. *Riddle v. La Salle National Bank*, 34 Ill.App.2d 116, 180 N.E.2d 719.

■■ In our judgment, mere reflection about these principles dictates the conclusion that Ethel Haffa's answer did not allege new matter. The answer only denied plaintiff's allegation that the named defendants had each executed a personal unconditional guaranty of all the debts and obligations of the Haber Corporation. Plainly, the allegations of plaintiff's complaint adequately negatived what was asserted in the answer. No reply was necessary. Therefore, it was error for the trial court to rule that Ethel Haffa's answer alleged an affirmative defense that required a reply and that the failure to file one justified dismissal of plaintiff's suit. *Cunningham v. City of Sullivan*, 15 Ill.App.2d 561, 147 N.E.2d 200; *Baylor v. Thiess*, 2 Ill.App.3d 582, 277 N.E.2d 154.

Having reached this conclusion, it is unnecessary that we resolve the other issues. The judgment is reversed and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

Reversed and remanded.

STAMOS, P. J., and SCHWARTZ, J., concur.