THE WORNER AGENCY, INC., Plaintiff-Appellee, *v.* MORRIS DOYLE *et al.,* d/b/a Doyle Construction Company, Defendants-Appellants.

Fourth District   No. 4—83—0429

Opinion filed January 19, 1984.

Tepper & Gwinn, P.C., of Urbana (John Gwinn, of counsel), for appellants.

Dobbins, Fraker, Tennant, Joy & Perlstein, of Champaign, for appellee.

JUSTICE WEBBER delivered the opinion of the court:

This is a contract case based upon a writing prepared by the defendants and signed by one of them in his capacity as a partner; it was unsigned by the plaintiff. Both parties moved for summary judgment and the trial court awarded summary judgment to the plaintiff and denied it to the defendants who appeal.

The plaintiff's complaint is extremely attenuated. It alleges the identification of the parties and venue, and then further alleges that "defendants agreed in writing to pay plaintiff a real estate commission upon the construction of an office for the Institute for Personality and Ability Testing." There are further allegations that defendants received the bid for the construction, completed the construction, and that the building was occupied. The commission was then demanded.

Appended to the complaint and incorporated by reference therein is the writing described above. The complete text is as follows:

"If Doyle Construction Co. should receive the bid to build an office building for Mrs. Cattell or the I.P.A.T. organization, a 3% real estate commission will be paid The Worner Agency of Rantoul on the total cost of the building. If the land is purchased separately by the buyer, this cost would not be included in the cost of the building.

The commission will be paid within 15 days of final settlement day, date of occupancy, or within 1 year of the above date, whichever occurs first."

A motion to dismiss was denied and the defendants then answered, admitting the authenticity of the document appended to the complaint and also admitting they received the bid for the structure and built it. They denied that any commission was due and set up as an affirmative defense the following:

"There was no consideration of any kind whatsoever for the agreement set forth in exhibit A of the complaint, for the reason that:

(a) The complaint does not set forth facts showing the existence of consideration in return for defendant's promise.

(b) The written agreement set forth in exhibit A fails to mention any act or promise on the part of Plaintiffs which constitute consideration for Defendant's promise.

(c) Any contract between Doyle Construction Company and the Institute for Personality and Ability Testing for the construction of an office building was not the result of any efforts of employees or agents of THE WORNER AGENCY, INC."

The plaintiff filed a general denial to the affirmative defense.

As has been indicated, both sides filed motions for summary judgment. Defendants' motion was bottomed on section 4.02(a) of the Real Estate Brokers and Salesmen License Act (Ill. Rev. Stat. 1981, ch. 111, par. 5706). In substance, it alleged that plaintiff was seeking a commission as a real estate broker and that the act limited brokers to commissions on sales, purchases, and exchanges of real estate, none of which occurred here.

Plaintiff's motion incorporated a copy of defendants' bid on the construction of the building which included an item designated "3% Real. fee 5000." The theory apparently was that this was an indication that defendants admitted that such a fee was due in accordance with the writing.'

The trial court denied defendants' motion, holding that the Real Estate Brokers and Salesmen License Act does not define a real estate commission, nor does it prohibit a licensed broker from receiving a commission on simple contracts. The court allowed the plaintiff's motion with the following terse finding:

"A contract or memorandum executed by Morris Doyle does not specify the activity in which the Worner Agency was to engage, but the tenor of the writing would indicate that it is based on a finders fee. In any event, it is apparent that the parties were aware of what they were bargaining for and memorialized that in the document dated November 19, 1980."

The court's calculation of the amount due under the agreement was stated with equal brevity:

"The defendant does not quarrel with the cost of the building constructed, such amount being $201,747. Three percent of that figure is $6,052.41."

In addition, the court awarded $470.10 in interest plus costs.

On appeal the defendants have raised a variety of issues, two of which we deem most significant to the disposition of this case: first, the complaint is defective in that it alleges no facts from which it may be deduced that there was consideration for defendants' promise to pay; therefore, the trial court was in error in denying the motion to dismiss. Second, the defendants having answered the defective complaint, their affirmative defense raised an issue of fact, making summary judgment inappropriate.

Plaintiff maintains that a want or failure of consideration is an affirmative defense under section 2—613 of the Code of Civil Procedure. (Ill. Rev. Stat. 1981, ch. 110, par. 2—613.) This is true, but it is also apparent that the legislature, like many courts, has fallen into confusion between want of consideration and failure of consideration. These are distinct concepts and lead to quite different results. If there be a want of consideration, there can be no contract and hence no complaint sounding in contract could stand. Failure of consideration, on the other hand, necessarily admits the contract, but then refers to transactions in which consideration was anticipated but did not materialize. It is then possible to state a cause of action in contract reciting the consideration therefor; and it then becomes the burden of the defendant by means of affirmative defense to establish failure of that consideration. See 17 C.J.S. *Contracts* sec. 129 (1963); 17 Am. Jur. 2d *Contracts* sec. 397 (1964).

We believe that, properly construed, section 2—613 may apply only to failure of consideration. The structure of its language leads to this result: "want or failure of consideration *in whole or in part* ***." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 110, par. 2—613.) Logically there can be no want of consideration "in part."

■■■ The test of whether a defense is affirmative and must be pleaded by a defendant is whether the defense gives color to the opposing party's claim and then asserts new matter by which the apparent right is defeated. The admission of the apparent right is inferable from the affirmative defense. (*Warren Barr Supply Co. v. Haber Corp.* (1973), 12 Ill. App. 3d 147, 298 N.E.2d 301; *Horst v. Morand Brothers Beverage Co.* (1968), 96 Ill. App. 2d 68, 237 N.E.2d 732.) Under this test the defense of failure of consideration would be an affirmative defense, because the defense impliedly admits the sufficiency of the underlying contract but offers an excuse for the defendant's failure to perform. In contrast, the defense of want of consideration would not constitute an affirmative defense. It does not give color to the plaintiff's claim, but rather attacks the sufficiency of

that claim.

■ Examined in the light of these principles, the complaint becomes entirely defective. Plaintiff makes no serious argument that it states any facts supporting consideration. In fact, it does not even allege a contract; it simply refers to the fact that the parties had "agreed in writing." The trial judge, in his written memorandum found that the agreement did "not specify the activity in which the [plaintiff] was to engage," but concluded that the "tenor" of the writing indicated that it was based upon a "finders [sic] fee." We disagree. Any number of alternatives might by speculation appear equally valid. To imply a promise under these circumstances is guesswork at best and begs the question.

We therefore hold that the complaint failed to state a cause of action and the trial court was in error in denying the motion to dismiss. Nevertheless, the error has not been properly preserved.

It has long been the law in this State that if a motion to dismiss because of legal insufficiency (formerly section 45 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 45) now codified as section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—615)) be denied, the defendant waives the insufficiency by pleading over. (*Swift & Co. v. Dollahan* (1954), 2 Ill. App. 2d 574, 587, 120 N.E.2d 249.) The same is not true of a motion for involuntary dismissal based upon certain defects (formerly section 48 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 48) now codified as section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—619)). The statute specifically preserves the point. Ill. Rev. Stat. 1981, ch. 110, par. 2—619(d).

In the instant case the defendants failed to designate which section, 2—615 or 2—619, controlled their motion. (See *Galayda v. Penman* (1980), 80 Ill. App. 3d 423, 399 N.E.2d 656.) An inspection of the document in the record leads us to the conclusion that section 2—615 was intended. By answering after denial of the motion, defendants have waived the sufficiency of the complaint.

■ The question then becomes: was summary judgment proper? We think not. Plaintiff maintains that defendants admitted all the material allegations of the complaint. The record belies this. The defendants throughout disputed the alleged obligation on the basis of no consideration. This appears both in the abortive motion to dismiss and in the affirmative defense. They also disputed the total cost of the project. The trial judge ignored the affirmative defense in making his judgment and erroneously concluded that the defendants admitted the cost of the project.

Plaintiff's motion for summary judgment is not supported by any affidavits or other sworn testimony, only by three exhibits purportedly extracted from a discovery deposition which is not clearly identified. Defendants' affirmative defense was verified by the affidavit of both defendants and contrary to plaintiff's selective reading of it, clearly states in our opinion a want of consideration, *i.e.*, that any contract obtained by defendants was not the result of any efforts on the part of plaintiff or its employees or agents. (Compare *Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457; *Lawrence v. Rubio* (1980), 85 Ill. App. 3d 472, 406 N.E.2d 946.) An issue of material fact was evident.

Since this case must be remanded for trial, defendants' other contentions in opposition to the granting of summary judgment become moot.

The order of the circuit court of Champaign County granting summary judgment to the plaintiff is reversed and the cause is remanded to that court for trial on the merits of the complaint, the answer and affirmative defense, and the reply thereto.

Reversed and remanded with directions.

MILLS, P.J., and TRAPP, J., concur.