ALTON BANKING & TRUST COMPANY, Plaintiff-Appellee, v. ARNOLD MISSOURI CORPORATION et al., Defendants-Appellants.

Fifth District   No. 5—86—0671

Opinion filed December 30, 1987.

Alan S. Mandel, of Davidson, Schlueter, Mandel & Mandel, of St. Louis, Missouri, for appellants.

Ronald C. Mottaz and Mary E. Massa, both of Thomas, Mottaz, Eastman & Sherwood, of Alton, for appellee.

JUSTICE KARNS delivered the opinion of the court:

Alton Banking & Trust Company (Alton Banking) filed a five-count complaint in the circuit court of Madison County against defendants Arnold Missouri Corporation, Harold Sanger, and Steven Arnold for breach of their retail installment contracts to purchase three automobiles. Counts I, II and III were directed against the corporation itself, while counts IV and V were directed against Sanger and Arnold in their individual capacities. Defendants filed an answer containing a general denial. A trial by jury was held on September 8, 1986, and at the conclusion of all the evidence the trial court directed a verdict in Alton Banking's favor on all counts.

Arnold Missouri obtained the three automobiles in question from Mercer Cadillac, Inc. All three transactions were covered by retail in-

stallment contracts listing Arnold Missouri Corporation as "buyer" and Mercer Cadillac, Inc., as "seller." One contract was signed by defendant Arnold Missouri Corporation and Sidney Arnold, who was not a party to this action; one contract was signed by defendant Harold Sanger; and one contract was signed by defendant Steve Arnold. Upon completion of the transactions, Alton Banking purchased the contracts and all payments were made directly to it.

The vehicles were voluntarily repossessed by Alton Banking when Arnold Missouri Corporation stopped making payments. The cars were subsequently sold for amounts less than the outstanding loans and this action was brought to recover the deficiencies.

The sole issue on appeal is whether Arnold Missouri's general denial was sufficient to allow it to raise a question of fact as to whether the contract was a contract to purchase or a lease. The trial court ruled that such a defense was affirmative matter which should have been pleaded in Arnold Missouri's answer as an affirmative defense. Accordingly, the trial court excluded any evidence proffered by Arnold Missouri which would tend to show the agreement was a lease.

Alton Banking introduced into evidence a written contract covering each of the three vehicles. The contracts were entitled "Retail Installment Contracts" and explicitly stated, "Seller hereby sells and Buyer or Buyers, jointly or severally, hereby purchase the following motor vehicle ***." All three defendants admitted signing the contracts. On their face, the written contracts are clearly contracts to purchase. To avoid their legal effect, Arnold Missouri would have to have introduced other written or oral evidence altering the express terms of the written agreement. Section 2—613(d) of the Civil Practice Law states:

> "The facts constituting any affirmative defense, *** and any defense which by other affirmative matter seeks to avoid the legal effect of or defeat the cause of action set forth in the complaint, *** must be plainly set forth in the answer or reply." Ill. Rev. Stat. 1985, ch. 110, par. 2—613(d).

■■ Arnold Missouri's proffered evidence consisted of certain documents and evidence which would alter terms of the written contract. The test for determining whether a defense is affirmative is whether it gives color to the opposing party's claim, then asserts new matter by which the apparent right is defeated. (See *Worner Agency, Inc. v. Doyle* (1984), 121 Ill. App. 3d 219, 459 N.E.2d 633.) Arnold Missouri admits signing the retail installment contracts, impliedly admitting the existence of an agreement between the parties, but would excuse

its nonperformance by challenging what the terms of the agreement were. Apart from the parol evidence problems this would create, it is clearly an affirmative defense which should have been set forth in defendant's answer.

As Arnold Missouri failed to set forth this defense in its answer as an affirmative defense, the trial court properly excluded any evidence showing the agreement to be a lease. The only evidence before the trial court, therefore, was the written retail installment contracts and the testimony of Alton Banking's vice-president. Given this, the trial court appropriately directed a verdict in Alton Banking's favor.

The judgment of the circuit court of Madison County is affirmed.

Affirmed.

WELCH and CALVO, JJ., concur.