DENNIS V. SPACE, Plaintiff-Appellant, v. E.F. HUTTON COMPANY, INC., Defendant-Appellee.

Fourth District   No. 4—89—0012

Opinion filed August 31, 1989.

58

Darrell A. Woolums, of Samuels, Miller, Schroeder, Jackson & Sly, of Decatur, for appellant.

Thomas M. Knepper and Therese M. Obringer, both of Neal, Gerber, Eisenberg & Lurie, of Chicago, for appellee.

JUSTICE LUND delivered the opinion of the court:

On November 21, 1986, plaintiff Dennis Space filed a complaint against defendant E.F. Hutton, seeking to recover $28,000 he lost on a number of transactions in securities, alleging defendant's agent violated the Illinois Securities Law of 1953 (Securities Law) (Ill. Rev. Stat. 1987, ch. 121½, par. 137.1 *et seq.*). Pursuant to agreement, the case was submitted to the circuit court of Macon County with plaintiff's discovery deposition and written arguments. On December 6, 1988, the court found for defendant. Plaintiff now appeals.

This action is brought pursuant to the Securities Law, also known as the Blue Sky Law. Section 8 requires every investment advisor and dealer be registered with the Secretary of State. (Ill. Rev. Stat. 1987, ch. 121½, par. 137.8.) Plaintiff began dealing with defendant when plaintiff lived in New Jersey. At the time, defendant's agent, Leonard Bogdan, with whom plaintiff dealt, worked out of the Louisville, Kentucky, office, and was registered in New Jersey. Plaintiff subsequently moved to Illinois and continued dealing with Bogdan, who, as it turns out, was not registered in Illinois. Accordingly, plaintiff is attempting to secure recovery under section 13 of the Securities Law (Ill. Rev. Stat. 1987, ch. 121½, par. 137.13(A)) for all the transactions in which he lost money. Section 13 allows a purchaser of securities, at his election, to void all transactions executed in violation of the law.

The evidence establishes that the majority of questioned transactions involved options transactions on the Standard and Poor's 100 (S&P 100) Index. This is a weighted index of the top 100 stocks on the S&P Index and is traded on the Chicago Board Options Exchange. There were also several stock transactions.

Defendant raised two defenses involved in this appeal. The first was, with regard to the options transactions, that plaintiff was the seller of securities and was not, therefore, entitled to relief. The second was, with regard to the stock transactions, that the Securities Law requires the purchaser to tender the stock in question and, since plaintiff no longer had this stock, he could not complete this requirement. The court agreed with defendant on both counts.

Plaintiff first asserts defendant should be foreclosed from asserting these defenses because these are affirmative defenses which defendant did not plead.

■ Initially, we note plaintiff did not make this argument to the trial court with respect to the allegation of his failure to tender the stock. It is well settled that normally issues raised for the first time on appeal may not be considered by the appellate court or argued on appeal. (*Moehle v. Chrysler Motors Corp.* (1982), 93 Ill. 2d 299, 303, 443 N.E.2d 575, 577; *J.R. Sinnott Carpentry, Inc. v. Phillips* (1982), 110 Ill. App. 3d 632, 639, 443 N.E.2d 597, 603.) Thus, this allegation, with respect to defendant's tender argument, is waived.

■ ■ Section 2—613(d) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—613(d)) provides that facts constituting an affirmative defense, which would likely take the opposite party by surprise, must be plainly set forth in the answer. The failure to do so waives the asserted defense. (*Spagat v. Schak* (1985), 130 Ill. App. 3d 130, 134, 473 N.E.2d 988, 992; *Swansea Concrete Products, Inc. v. Distler* (1984), 126 Ill. App. 3d 927, 929, 467 N.E.2d 388, 390; *Dayan v. McDonald's Corp.* (1984), 125 Ill. App. 3d 972, 998, 466 N.E.2d 958, 977.) It cannot be considered even if the evidence suggests the existence of such a defense. *Spagat,* 130 Ill. App. 3d at 134, 473 N.E.2d at 992; *Dayan,* 125 Ill. App. 3d at 998, 466 N.E.2d at 977.

The test of whether a defense is an affirmative defense and must be pleaded is whether the defense gives color to the opposing party's claim and then asserts new matter by which the apparent right is defeated. (*Worner Agency, Inc. v. Doyle* (1984), 121 Ill. App. 3d 219, 222, 459 N.E.2d 633, 635.) The admission of the apparent right is inferable from the affirmative defense. *Worner,* 121 Ill. App. 3d at 222, 459 N.E.2d at 635; *Warren Barr Supply Co. v. Haber Corp.* (1973), 12 Ill. App. 3d 147, 148-49, 298 N.E.2d 301, 303.

In *Worner*, the court addressed whether the failure of consideration and the want of consideration are affirmative defenses. The court explained:

"Under this test the defense of failure of consideration would be an affirmative defense, because the defense impliedly admits the sufficiency of the underlying contract but offers an excuse for the defendant's failure to perform. In contrast, the defense of want of consideration would not constitute an affirmative defense. It does not give color to the plaintiff's claim, but rather attacks the sufficiency of that claim." *Worner*, 121 Ill. App. 3d at 222-23, 459 N.E.2d at 635-36.

■ Applying this analysis to the present case makes it clear the assertion that plaintiff is a seller of securities is not an affirmative defense. By its very nature, this assertion attacks one of the required elements of plaintiff's recovery, which is that he is a purchaser of securities. (See Ill. Rev. Stat. 1987, ch. 121½, par. 137.13(A).) Since this defense gave no color to plaintiff's claim, defendant is not required to specifically plead it.

Plaintiff next contends the court's decisions on the merits were erroneous. Plaintiff sought recovery under the civil remedy provisions contained in section 13, which provide, in part, that every sale of a security made in violation of this law shall be voidable at the election of the purchaser. At trial, defendant argued, concerning plaintiff's options investing, that plaintiff was a seller of securities and, accordingly, was not afforded protection by this law. The trial court agreed.

Plaintiff made numerous transactions as a writer of calls on the S&P 100 Index. A call is an option to purchase the underlying security at a set price, known as the strike price, at a set date in the future. A writer of a call receives a premium from the buyer upon entering into the agreement. The strike price on the call is always higher than the current price. Thus, the buyer is speculating the measuring securities will increase in price beyond the strike price. If it does, the buyer will purchase these securities at the strike price and sell them at the market price. Conversely, the writer is speculating that the market price will not exceed the strike price by the date the option is to expire. In that case, the buyer will not exercise his option, and the writer keeps the premium as his profit.

In the present case, the speculation is on the rise and fall of the S&P 100 Index. If the price rises, the writer can cover by buying a comparable option and, thereby, cancel his position, or he can let the buyer of the call exercise his option and pay the cash difference. In most of the transactions, plaintiff purchased calls at a loss to cover

the ones he sold.

■ It is evident by the very wording of section 13(A) that the remedies under the Illinois Blue Sky Law are available only to purchasers of securities. (*Guy v. Duff & Phelps, Inc.* (N.D. Ill. 1985), 628 F. Supp. 252, 263.) Thus, unless plaintiff is a purchaser of securities, as they are defined in section 2.1 (Ill. Rev. Stat. 1987, ch. 121½, par. 137.2—1), it is equally evident he is not entitled to recovery. This section includes calls and options as securities. Thus, it is apparent, after reviewing the role of a writer of calls on the option market, that plaintiff is a seller of securities, and not a purchaser, a position with which other courts dealing with comparable statutes have agreed. See *Gutter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (6th Cir. 1981), 644 F.2d 1194; *Prudential-Bache Securities, Inc. v. Cullather* (E.D. Va. 1987), 678 F. Supp. 601.

Plaintiff, observing the Securities Law is paternalistic in nature and should be liberally construed in order to accomplish its intent (see *Benjamin v. Cablevision Programming Investments* (1986), 114 Ill. 2d 150, 162, 499 N.E.2d 1309, 1315), believes this is too narrow an interpretation. He believes he should be considered a purchaser, and Bogdan considered a seller since Bogdan received a commission on each transaction. Plaintiff is correct. He is a purchaser. However, he is not a purchaser of securities. Rather, he is a purchaser of advice and services, which are not covered by the Securities Law.

Lastly, plaintiff contends the court erred in denying him recovery for failing to comply with the tender requirements of the Securities Law. Since moving to Illinois, plaintiff made five purchases of stock through defendant. Four of these stocks he sold prior to 1986. The last he sold in 1987 because he became tired of waiting for this matter to be resolved. Defendant argued, and the court found, that it is a requirement that plaintiff tender the stock back to defendant to preserve his remedy.

■ ■ Section 13 of the Securities Law, which was in effect at the time of the purchases, provided a purchaser shall be entitled to his remedy "upon tender to the seller or into court of the securities sold or, where the securities were not received, of any contract made in respect of such sale." (Ill. Rev. Stat. 1983, ch. 121½, par. 137.13(A).) It is well settled, pursuant to this section, that before a purchaser may rescind his purchase of stock sold in violation of the Blue Sky Law and recover his purchase price, he must tender the stock back to the seller. (*Tobey v. Sundling* (1974), 25 Ill. App. 3d 205, 210, 323 N.E.2d 30, 35.) The inability of the party to restore the stock will not relieve him from the necessity of doing so, and it is not

sufficient to offer to set off the amount against what is claimed from the other party. (*Glen v. Dodson* (1932), 347 Ill. 473, 479, 180 N.E. 393, 395.) Once made, the tender offer must be held open to the time of judgment. (*Tobey*, 25 Ill. App. 3d at 211, 323 N.E.2d at 35.) Thus, based on this section and the applicable case law, the court's decision was correct.

However, section 13 had been amended by the time of trial. It now provides, effective January 1, 1986, that a purchaser must either tender the securities as before or, if the purchaser no longer owns the securities, he can recover as before less any amount received in disposition of the securities. (Ill. Rev. Stat. 1987, ch. 121½, par. 137.13(A).) It is evident then that if the most recent provision is applicable, plaintiff's tender problems disappear.

Generally, a legislative amendment is construed as prospective, unless there is express language declaring it to be retrospective. (*New York Life Insurance Co. v. Murphy* (1944), 388 Ill. 316, 324, 58 N.E.2d 182, 186; *Clouse v. Heights Finance Corp.* (1987), 156 Ill. App. 3d 975, 977, 510 N.E.2d 1, 2.) However, when this legislative amendment affects only a remedy or procedure "all rights of actions will be enforceable under the new procedure without regard to whether they accrued before or after such change of law and without regard to whether the suit has been instituted or not, unless there is a saving clause as to existing litigation." *Nelson v. Miller* (1957), 11 Ill. 2d 378, 382, 143 N.E.2d 673, 676; see also *Ogdon v. Gianakos* (1953), 415 Ill. 591, 597, 114 N.E.2d 686, 690.

In *Clouse* and *Winter & Hirsch, Inc. v. Passarelli* (1970), 122 Ill. App. 2d 372, 259 N.E.2d 312, the courts dealt with amendments to the usury laws and what effect they had on pending litigation. In *Passarelli*, the amendment provided that a successful plaintiff could receive twice the interest charge rather than just relief from the usurious interest which the law previously allowed. In *Clouse*, just the opposite amendment took place, with the legislature reducing the amount of recovery from double the interest paid to relief from payment of the usurious interest. In each case, the court applied the new law finding it was remedial and not substantive. As the *Passarelli* court explained:

> "It must be remembered that the section under review does not determine the substance of usury, nor were the elements of usury altered by the amendment; all that was altered was the remedy available in those cases where usurious interest has been charged." *Passarelli*, 122 Ill. App. 2d at 385-86, 259 N.E.2d at 319.

Similarly, in the present controversy, the amendment does not affect the substance of the violation of the Securities Law. It merely affects the remedy available where there are such violations. The amended section 13 should have been applied, and the court erred in denying plaintiff's claim on the stock transactions, based on his inability to tender the shares of stock back to defendant. Therefore, it is necessary to reverse this portion of the trial court's judgment and remand the case for further proceedings consistent with this opinion.

Affirmed in part; reversed in part and remanded.

McCULLOUGH, P.J., and GREEN, J., concur.