# WILLIAM ENNOR

*v.*

# THOMAS H. HODSON.

*Filed at Ottawa June 12, 1890.*

1. TRUSTS AND TRUSTEES—*property given in trust—trust following the fund—right of cestui que trust to interfere.* A testatrix devised all her property to her husband, in trust for her daughter, and appointed the husband trustee for the daughter, "to act and transact all her affairs during his natural life." After the death of the testatrix, a note for some of the trust property was given to the daughter, and she indorsed and transferred the same to the trustee for collection, who brought suit thereon : · *Held,* that the trustee was given the control of the property during his life, and that the daughter had no right to take the control of the property into her own hands, or to settle the suit brought by the trustee on the note.

2. Where property is devised to a trustee in trust for a married woman, to be managed by the trustee during his lifetime, she may have the aid of a court of equity to compel a faithful administration of the trust, and, under certain circumstances, to remove the trustee and appoint another in his stead. But she can neither dispose of the property devised in trust for her benefit, nor create a charge upon it, except in the manner and for the purpose specified in the devise.

3. In case a debt secured by mortgage on real estate is devised to a trustee in trust for the benefit of another, and on foreclosure other property is bought by the trustee in his own name, such other property will take the place of the debt, and be impressed with the same trust; and where such property is sold and conveyed, the consideration therefor will still be trust property, subject to the right of the trustee to manage and control.

4. A person devised her estate to her husband, in trust for their married daughter, to be managed by the trustee during his life. On the foreclosure of a mortgage so devised, the trustee purchased other property, taking a conveyance in his own name, which he afterward conveyed to the daughter. The daughter subsequently sold and conveyed the property, taking the note of the purchaser, which she indorsed, and transferred to the trustee: *Held,* that the trust attached to the note, and that the daughter had no right to receive payment of the note, or control the trustee in its collection. The *cestui que trust* was estopped, by her assignment of the note, to say that the note was not trust property.

5. SAME—*imposing restrictions—right of donor.* A testatrix has the right to limit her gift to a married daughter by such restrictions as she may see fit to impose, and a court of equity will not allow them to be set aside by either the voluntary act or the negligent omissions of the trustee appointed to enforce them.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Jo Daviess county; the Hon. JOSEPH M. BAILEY, Judge, presiding.

This was an action of assumpsit, by William Ennor, against Thomas H. Hodson, upon a promissory note of $6000, dated September 18, 1882, payable to Alice Ennor, twelve months after date, without interest, if paid when due, and indorsed to William Ennor by Alice Ennor. The main defense set up was payment to Alice Ennor by the maker, he contending, that as she was the equitable owner, a settlement with and payment to her was a bar to the action.

The court, at the request of the defendant, instructed the jury, "that if they believe, from the evidence, that Alice Ennor is the owner of the note in question, and that said William Ennor holds the same as her agent, and so held such note as such agent, merely, and not in his own right, at the time the defendant paid said note to said Alice Ennor, if they believe, from the evidence, that the defendant did so pay the same to said Alice Ennor, as claimed by the defendant, then the jury should find the issues for the defendant,"—to which plaintiff excepted.

The jury found for the defendant, and the court entered judgment on the finding, overruling plaintiff's motion for a new trial. The other facts may be found in the opinion.

Messrs. D. & T. J. SHEEAN, for the plaintiff in error.

Mr. E. L. BEDFORD, and Mr. WILLIAM SPENSLEY, for the defendant in error.

3—134 ILL.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The question for our consideration upon this record is, whether the circuit court erred in instructing the jury that plaintiff in error could not recover unless he had the equitable as well as the legal title to the note upon which the suit is brought, at the time of the commencement of the suit. It may be conceded that if the assignment of Alice Ennor was purely formal, as, for instance, for collection, and she had the present right to the proceeds of the note, the circuit court properly instructed the jury. But although she may have been the equitable owner of the proceeds of the note, yet if that ownership was subject to the right and duty of plaintiff in error to control and manage them during his lifetime, the instruction was erroneous.

Alice Ennor is the daughter of plaintiff in error, and of his wife, Grace, now deceased. Before her death, Grace Ennor made her last will and testament, which has been duly probated and proved since her death, as follows:

"I, Grace Ennor, wife of William Ennor, being sick and am under the impression that I shall not recover, do this day assign over all personal property belonging to me unconnected with my said husband, in trust to William Ennor, my said husband, in trust for my daughter Alice Ennor for the purposes hereafter mentioned, also all monies due me from my husband which is as follows:—all my personal property I give to my only child alive, Alice Ennor, all the furniture in the house, also my gold watch with all my clothes, also the policy of insurance in the Northwestern Insurance Company at Milwaukee, Wis., on my said husband's life or for ten years if he lives,— which insurance was made for my sole benefit.

"Now I appoint my husband, William Ennor, my sole trustee for my daughter, Alice Ennor, wife of Martin Ennor, at Apple River, to act and transact all her affairs during his natural life, without the control of her said husband, he to have noth-

ing to do in her affairs, all to be managed by William Ennor, my said husband, as long as he lives.

GRACE ENNOR. (Seal.)"

The effect of this is to give the control of this property to William Ennor during his life. Alice Ennor took the property subject to this right of control. She might have the aid of a court of equity to compel a faithful administration of the trust, and, under certain circumstances, to remove the trustee and appoint a new one in his stead; but she had no right to take the control of the property into her own hands,—and this is so as well since as before the enactment of our statute in relation to the separate property of married women. Since, as before, that enactment, she can neither dispose of property devised in trust, for her benefit, nor create a charge upon it, except in the manner and for the purposes specified in the devise. *Swift* v. *Castle*, 23 Ill. 209; *Conkling* v. *Doul et al.* 67 id. 355.

A part of the property thus devised was secured by mortgage on real estate. That mortgage was foreclosed, and the property bid in and title thereto taken by plaintiff in error. That property, in legal contemplation, but took the place of the personal property, and was impressed with the same trust. Nor was its condition changed by the conveyance by plaintiff in error to Alice Ennor. It was still a part of the property to be controlled and managed by plaintiff in error. When it was subsequently sold and conveyed to defendant in error, the consideration therefor was still trust property, which, under the terms of the will, plaintiff in error was entitled to manage and control. (Perry on Trusts, sec. 330.) The trustee was, therefore, entitled to the possession of the note, as against Alice Ennor, and the assignment of it is presumptively to enable him the more readily to collect the money and execute his trust.

But it is said the trustee has placed himself in antagonism to his trust, and thereby estopped himself to say that it is trust

property. We can not concur in this conclusion. The only acts claimed to have been done by the trustee are the taking of title to himself, then conveying to Alice Ennor, then concurring with her in the sale and conveyance to defendant in error, then taking her assignment of the promissory note to himself, and, finally, the suit upon the promissory note. The conveyance to Alice was certainly a distinct admission of her title to the property, and his suit upon the note in his own name is, in view of the fact that his trust lasts for his lifetime, in strict subordination to his duties as trustee. The trust fund is as readily traceable into his hands by the transaction of the sale, without any statement in the assignment or upon the record that the note is for it, as with such a statement. Alice had no right to control and manage this money during the lifetime of the plaintiff in error, and by her assignment she placed the legal title to the note where the equitable right of present control was, and so put it beyond her power to receive into her hands payment of the note. Grace Ennor had a right to limit her gift by such restrictions as she chose to impose, and Alice, the beneficiary, is not equitably entitled to have those restrictions set aside, either by reason of the voluntary act or the negligent omissions of the trustee appointed to enforce them.

As between plaintiff in error and Alice Ennor, she is estopped by her assignment to say that the proceeds of this note have ceased to be trust property under the will of Grace Ennor. Defendant in error knew that Alice Ennor was not the holder of the note when he made the payment to her. The rule is, that a person paying a promissory note to one not its holder, does so at his peril. *Mobley* v. *Ryan*, 14 Ill. 51; *Paris* v. *Moe*, 60 Ga. 90.

For the error in giving the instruction referred to, the judgments of the circuit and Appellate Courts are reversed, and the cause is remanded to the circuit court for further proceedings consistent with this opinion.

*Judgment reversed.*