In the Matter of the Estate of Benjamin F. Lindheimer, Deceased.
Daniel F. Rice, Plaintiff-Appellant, v. Walter B. Lindheimer, Executor of the Estate of Benjamin F. Lindheimer, Deceased, Defendant-Appellee.

### Gen. No. 48,674.

First District, Second Division.

June 12, 1962.

Lee A. Freeman and Richard F. Levy, of Chicago, for appellant.

Brown, Fox and Blumberg, of Chicago (Nathan S. Blumberg, Wallace R. Sollo and Eugene L. Resnick, of counsel), for appellee.

MR. JUSTICE BURKE delivered the opinion of the court:

On June 5, 1960, Benjamin F. Lindheimer, a resident of Cook County, Illinois, died. On June 17, 1960, his Will was admitted to probate and letters testamentary were issued to Walter B. Lindheimer, as Executor of the Estate. On October 7, 1960, the executor filed his inventory. Under Section 204 of the Probate

Act the time for filing claims against the inventoried estate expired on March 17, 1961. Daniel F. Rice, hereinafter called plaintiff, filed his claim on March 13, 1961, four days before the time for filing claims expired. On March 13, 1961, according to the contention of plaintiff, or on March 15, 1961, according to the contention of the executor, plaintiff filed his separate petition for the delivery of personal property under Section 187a. The executor moved to dismiss the claim and the petition on the ground that (1) the court does not have jurisdiction to impose a constructive trust on assets of the deceased and (2) the claim and petition were not properly verified. Plaintiff appeals from the order of September 15, 1961, dismissing the claim and the petition. He asks that the order be reversed and that the cause be remanded for a hearing upon the merits.

The claim and petition arise from the same transaction and each prays that a constructive trust be impressed on certain assets of the estate. It is alleged that in 1942 the decedent urged plaintiff to deposit $10,000 with decedent. The latter represented that he would contribute an equal amount and that the $20,-000 would be used to make a loan to a third person for a period of one year. The loan was to be secured by collateral consisting of 500 shares of Preferred stock of Arlington Park Jockey Club, Inc., and 500 shares of Arlington Common stock. Decedent represented that he would hold Rice's one-half interest in the loan and in the collateral as trustee in a fiduciary capacity. The loan was made on the terms described. Thereafter the third person defaulted in repayment. Decedent then foreclosed on the collateral pledged and acquired all of the third person's interest in the 500 common shares and 500 preferred shares of Arlington. Subsequently (a) the preferred stock was redeemed for $102 per share and decedent received $51,-

436

000 in payment therefor; (b) Arlington split its common shares 25 for one and decedent acquired 12,-500 shares of common stock in exchange for the 500 shares originally held as collateral. He held these shares to the date of his death. (c) Arlington paid dividends on the 12,500 shares of common stock in an amount alleged to be in excess of $100,000.

It is alleged that at all times relevant until his death decedent held one-half of the foregoing funds as trustee for plaintiff in a fiduciary relationship. The claim prays that a constructive trust be impressed to the extent of $26,500, representing one-half of the amount received by decedent on redemption of the preferred shares, for an accounting of the dividends received on the common shares, and a constructive trust on one-half the amount found to have been so received. The related petition for delivery of personal property prays that a constructive trust be impressed on 6,250 shares of the common stock of Arlington, representing one-half of the shares of common stock pledged as collateral on which decedent foreclosed. From the stipulation of the parties it appears that the purported affidavit attached to the claim and the purported affidavit attached to the petition were each signed by Daniel F. Rice at Miami Beach, Florida. Neither the affidavit attached to the claim nor the affidavit attached to the petition was subscribed or sworn to before the Cook County, Illinois notary public whose certificate appears thereon. The claim and petition were mailed to the notary public by plaintiff and signed by her at Chicago. No oath was administered to plaintiff by her or by any other person authorized by law to administer oaths at the time he signed these affidavits. The notary did not witness the placing of plaintiff's signature on the claim and was not present in Florida when he signed it. On October 20, 1961, more than 30 days after the order

437

dismissing the claim and petition, plaintiff moved to amend his claim and petition by adding additional verifications. The request was denied.

■ Plaintiff insists that the verifications of the claim and petition complied with the statute. The executor maintains that the court was without jurisdiction of the claim unaccompanied by an affidavit as required by Section 192 of the Probate Act and of the petition without verification as required by Section 187a of that Act. The Probate Court is a court of special and limited jurisdiction. Proceedings therein for the establishment of claims, reclamations and petitions are special statutory proceedings. To invoke the jurisdiction of the Probate Court, the conditions provided by the Probate Act must be met. The Probate Court, under the provisions of Sections 192 and 187a, cannot entertain a claim or a petition which is unaccompanied by an affidavit duly sworn to by a proper person. Smith v. Goodrich, 167 Ill 46, 50, 47 NE 316. It is only "upon the filing of a verified petition" that the Probate Court is authorized to proceed under the provisions of Section 187a. This section was adopted as a part of Article XV of the Probate Act. A proceeding under this section is conditioned "upon the filing of a verified petition." Section 183 of this Article, dealing with a citation proceeding by an executor, provides in similar language that "upon the filing of a verified petition therefor" the Probate Court shall order a citation to issue. The provision in this respect is substantially a re-enactment of Section 81 of the prior Administration Act. In Dinsmoor v. Bressler, 164 Ill 211, 45 NE 1086, a case arising under this earlier section, the Supreme Court held that the affidavit required to be filed to invoke the jurisdiction of the Probate Court in a reclamation petition, was jurisdictional in character. The court said (223): "Here, the affidavit made under section 81 is juris-

438

dictional in its character, and if the affidavit does not show a case which gives the court jurisdiction, the subsequent proceedings including the judgment, are void and may be attacked collaterally."

Plaintiff, in arguing that the verification of the claim and petition comply with the statute, cite Wall v. Greene, 321 Ill App 161, 52 NE2d 303, and Lieder v. Chicago Transit Authority, 26 Ill App2d 306, 167 NE2d 710. In the Lieder case it was held that a noncollusion affidavit of a bidder was sufficient to show the identity of the affiant who, as secretary of the bidding corporation, was a proper person to make it on behalf of the bidder. In that case an oath was administered. In the Wall case the court held that the interlineation in a sworn answer in a personal injury suit admitting the death of plaintiff's intestate, did not vitiate the admission. These opinions do not aid plaintiff.

 The motion for leave to amend the verification of the claim and the petition was made more than 30 days after the court entered its final order on September 15, 1961, dismissing the claim and the petition. Section 82, Chap 77, Ill Rev Stats 1961, provides that every judgment, decree or order, final in its nature, of any court of record in any civil or criminal proceeding shall have the same force and effect as a conclusive adjudication upon the expiration of 30 days from the date of its rendition as, under the law theretofore in force, it had upon the expiration of the term of court at which it was rendered. See also Sec 50(6) and Sec 72, Chap 110, Ill Rev Stats 1961. After the expiration of the 30 days the court lost jurisdiction of the claim and the petition. Plaintiff says that he should have been permitted to amend under the liberal provisions of Section 46 of the Civil Practice Act. In North Pier Terminal Co. v. Hoskins Coal & Dock Corp., 402 Ill 192, 198, 83 NE2d 748, the court

439

said, 198: "By Section 46(3) the only amendment authorized after final judgment is an amendment to make the pleadings conform to the proof . . . ." Plaintiff's proposed amendments do not fall within this category. We hold that the trial judge was right in dismissing the claim and the petition for want of proper affidavits and in refusing to permit an amendment after 30 days from the entry of the order.

██ ██ Plaintiff relies heavily on In re Hirsh's Estate, 27 Ill App2d 228, 169 NE2d 591, in arguing that the Probate Court has jurisdiction to impress a constructive trust on assets in decedent's estate. Neither Section 192 nor 187a of the Probate Act vests the Probate Court with equitable jurisdiction to establish a constructive trust. See Howard v. Swift, 356 Ill 80, 190 NE 102; Ramsay v. Ramsay, 10 Ill App2d 459, 135 NE2d 172; In re Estate of George, 335 Ill App 509, 82 NE2d 365; In re Estate of Quick, 333 Ill App 573, 78 NE2d 26; In re Estate of Shanks, 282 Ill App 1. In the Ramsay case we said (469): "Aside from these considerations the Probate Court does not have jurisdiction to declare or administer constructive trusts." We do not think the decision in Ramsay was qualified or overruled in the Hirsh case. The opinion in Hirsh said that the Probate Court "does not have general jurisdiction over trusts, constructive or expressed." A judicial opinion, like a judgment, must be read as applicable only to the facts involved and is authority only for what is actually decided. The language used in the opinion must be viewed in the light of the facts of the particular case. White v. Seitz, 342 Ill 266, 270, 174 NE 371; Fels v. Arends, 328 Ill 38, 45, 159 NE 244. We are of the opinion that jurisdiction to declare and enforce a constructive trust, a trust ex maleficio, was not conferred on the Probate Court by Sections 187a, 192 or 202 of the Probate Act. Plaintiff's claim and petition are predicated upon the

establishment of a constructive trust. The jurisdiction to declare and enforce a constructive trust is not vested in the Probate Court by the Probate Act. We think that the trial judge was right in dismissing the claim and the petition.

Therefore the order is affirmed.

Order affirmed.

FRIEND, P. J. and BRYANT, J., concur.