In the Matter of the Estate of Mary Devereux, Incompetent.

On Appeal of Mary Devereux, Appellant, v. Bernard D. Urist, Conservator of the Estate of Mary Devereux, Alleged Incompetent and Berry Homes, a Copartnership, Respondents-Appellees.

In the Matter of the Estate of Mary Devereux, Deceased.

Frank H. Kirk, Executor of the Estate of Mary Devereux, Deceased, Petitioner-Appellant, v. Bernard D. Urist, Respondent-Appellee.

Gen. Nos. 49,999, 50,091.

First District, Second Division.

June 15, 1965.

1

Frank H. Kirk, Richard D. Price, and Frederick J. Bertram, all of Chicago, for Mary Devereux, appellant; Richard D. Price and Frederick J. Bertram, of Chicago, for Frank H. Kirk, executor of the estate of Mary Devereux, appellant.

Owen Rall, Peter M. Sfikas, John J. Enright, and Isadore J. Stein, all of Chicago (Peterson, Lowry, Rall, Barber & Ross, of counsel), for Bernard D. Urist, conservator of the estate of Mary Devereux, appellee; A. Edmund Peterson, Daniel S. Wentworth and John H. Meyer, all of Chicago, for Berry Homes, appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

General Number 50,091 is an appeal from an order approving the conservator's report of sale of the incompetent's real estate and overruling the exceptions filed thereto, the case having been transferred to this court from the Supreme Court. General Number 49,999 is an appeal from the denial of a citation petition filed by the executor of the deceased incompetent's estate for an order upon the conservator to turn over the assets of the incompetent's estate. The cases have been consolidated.

Mary Devereux was declared incompetent on October 30, 1962, upon the filing of a petition and a physician's affidavit in the Probate Court of Cook County. Bernard D. Urist was appointed conservator of the estate. At the time of the incompetency proceedings, Mary Devereux was 88 years of age and had been taken to the Oak Park Hospital some three weeks earlier for injuries suffered in a fall in her home.

Included in the conservator's inventory of assets of the incompetent's estate, filed on January 3, 1963, was real estate in Oak Park improved with a 75-year-old 2-story frame dwelling which had been the residence of the incompetent.

Prior to March 29, 1963, negotiations were had between the conservator and Berry Homes for the sale of the real estate. A contract was entered and on March 29th the conservator filed a petition in the Probate Court for an order to allow the sale of the real estate to Berry Homes. The petition also requested the waiver of appointment of a guardian ad litem for the incompetent and the waiver of appointment of appraisers. Notice of this proceeding was personally served upon the incompetent on March 29th.

On April 16, 1963, the attorneys representing the incompetent, who were retained subsequent to the in-

4

competency proceedings but prior to the decree for the sale of the real estate, filed a petition to remove the conservator. The jurisdiction of the Probate Court over the person of the incompetent was challenged on the grounds that Mary Devereux was never properly served with notice of the incompetency proceedings and that the petition initiating those proceedings was defective. The suitability of the conservator to discharge his duties was also questioned. After several continuances on the hearing, the motion to remove the conservator was withdrawn on August 8, 1963. On May 7, 1963, a motion was filed to set aside all orders theretofore entered in the case. The May 7th motion, which was denied on May 14th, again raised the same jurisdictional matters set out above. A petition to vacate the incompetency decree of October 30, 1962, was filed on May 22nd, and again challenged the Probate Court's jurisdiction on the same grounds as before; this petition was dismissed for want of prosecution on July 15, 1963.

The decree for the sale of the real estate was entered on May 24, 1963, and recited that the material allegations of the conservator's petition to sell were proved and that the court heard the testimony and took the proofs and exhibits thereon in open court. The finding recites that the conservator was duly qualified to act as conservator, and was then acting as such, and that "the court has jurisdiction of the parties and the subject matter herein." It was ordered that the real estate be sold to Berry Homes in accordance with the terms of the contract theretofore entered between the conservator and Berry Homes. Sale was made pursuant to the decree on May 28, 1963, but no deed was given to the purchaser at that time. It does not appear that a deed has been given as yet, nor that the conservator has received the purchase money from Berry Homes.

5

A report of the sale was filed by the conservator on June 3, 1963, to which report exceptions were filed by the attorneys representing the incompetent. The exceptions to the report again challenged the jurisdiction of the Probate Court on the same grounds as before. The report of the sale was approved and the exceptions overruled, the order of the court stating that evidence was heard on the report and the exceptions thereto. It is from this order that the appeal in General Number 50091 is taken, as well as from a subsequent order entered by the court on October 9, 1963, allowing the appearance of an additional attorney to represent the conservator on this appeal and allowing him attorney's fees.

Appellant's main position is that the Probate Court lacked jurisdiction to enter the order approving the report of the sale of the real estate and overruling the exceptions (as well as all other orders entered in the case) for the reason that Mary Devereux was never properly served with notice in the incompetency proceedings and also for the reason that the petition initiating those proceedings was not properly verified as required by the Probate Act. Ill Rev Stats 1961, chap 3, par 113(c). Since this appeal is taken from the order of the court approving the report of the sale of the real estate, appellant's challenge to the Probate Court's jurisdiction in entering the incompetency decree of October 30, 1962, constitutes a collateral attack on that decree.

Appellant's attack on the verification of the petition for incompetency is unavailing. It is based on the fact that the notary public failed to sign the jurat after having administered the oath to the petitioner, although his notary seal imprint appears on the petition. At a hearing on the matter the notary public testified that the oath was in fact administered to the

6

petitioner and that the petitioner in fact signed the petition, but that he, the notary public, failed to place his signature on the petition. Appellant's challenge is a technical one at best, since, as the record shows, the petition substantially conformed to the requirements of the Probate Act. Ill Rev Stats 1961, chap 3, par 113(c). Appellant's reliance upon In re Estate of Lindheimer, 36 Ill App2d 434, 184 NE2d 759 is misplaced, for the reason that in Lindheimer no oath was administered to the affiant, nor did the notary public witness the affiant's signature.

■■ Appellant further challenges the jurisdiction of the Probate Court on the ground that Mary Devereux was never properly served with notice in the incompetency proceedings. The order approving the report of sale and overruling the exceptions thereto states in part:

> ". . . this cause coming on again to be heard upon the motion of said Conservator, the petitioner herein, for the confirmation of said report, and the exceptions thereto of the said Mary Devereux, incompetent by her attorneys, and oral evidence heard in open court; the court having examined said report and the said exceptions, and having heard the arguments of counsel herein, hereby overrules the exceptions of the said Mary Devereux, incompetent to said report, and hereby sustains the motion of the petitioner for the confirmation of said report of sale. . . ."

Although the order states that the court heard evidence and the arguments of counsel, and that the exceptions to the report were considered, which exceptions included the allegation of a lack of proper service in the incompetency proceedings, appellant has failed to preserve such evidence in the record. Similarly, the

7

decree for the sale of the real estate states that the court had jurisdiction over the parties and the subject matter and that the court heard evidence on the matters contained therein; this evidence likewise does not appear of record. A Probate Court, when adjudicating those questions over which it has general jurisdiction, is entitled to as liberal intendments in favor of its jurisdiction as are extended to courts of general jurisdiction. Illinois Merchants Trust Co. v. Turner, 341 Ill 101, 173 NE 52. In view of the findings made by the Probate Court in these orders and appellant's failure to preserve the evidence which gave rise to those findings in the record on appeal, we are unable to say the Probate Court was without the jurisdiction to enter the order approving the report of the sale of the incompetent's real estate.

Cash v. Maloney, 402 Ill 528, 84 NE2d 390, is relied upon by appellant for the proposition that an initial lack of jurisdiction renders all orders of a court void. The Cash case has no factual application to the case at bar. In Cash, the record affirmatively showed that the Probate Court lacked jurisdiction to enter the order to sell the alleged incompetent's real estate. The incompetency proceedings in Cash were initiated in the Probate Court of Cook County at a time when the alleged incompetent was not a resident of Cook County. The record further showed that at no time thereafter was the alleged incompetent a resident of Cook County, and consequently the Probate Court of Cook County had no jurisdiction to order the sale of the real estate. Here, on the other hand, the defect alleged by appellant involves service of notice, a defect capable of correction. The order approving the report of the sale and the decree for the sale both indicate that the court rejected appellant's jurisdictional arguments after having heard evidence thereon. Since this evi-

8

dence has not been preserved in the record we are unable to say the alleged defect was not cured. See Bradley v. Drone, 187 Ill 175, 58 NE 304.

A direct challenge is made upon the order approving the report of sale, on the grounds that the sale was made without the appointment of appraisers to establish the value of the real estate and without the appointment of a guardian ad litem for the incompetent.

■■ Section 237 of the Probate Act provides that "the court may appoint not to exceed three disinterested appraisers. . . ." Ill Rev Stats 1961, chap 3, par 237. The appointment of appraisers is made discretionary with the court by the use of the word "may" in the statute. The record shows the court heard evidence as to the condition and cost of upkeep of the building on the premises, the fact that some $7,000 to $10,000 would have to be expended to repair the premises, the fact that the building was 75 years old, and so forth. It also appears that two separate appraisals were made of the real estate a few months before the order to sell was entered, one appraisal setting the value at $13,500 and the other at between $12,900 and $13,900; the property was sold for $13,500. Under these circumstances we cannot say that the court abused its discretion in waiving the appointment of appraisers.

Whether section 232 of the Probate Act requires the appointment of a guardian ad litem for an incompetent who is already represented by a conservator, in view of the requirement in section 230 of the Act that all persons having an interest in the real estate be made parties to a proceeding to sell the real estate (see 5 James, Illinois Probate Law and Practice, sec 232 comments,) need not be commented upon for the reason that appellant is in no position to complain. Ill Rev Stats 1961, chap 3, pars 230 and 232. Mary Devereux has been adequately represented by counsel from

9

the time she was served with notice of the real estate sale proceedings until the present.

 The contention is also made that there was no necessity for the sale of the real estate. Whether or not the sale is necessary is for the Probate Court to determine upon the application of the conservator. Ill Rev Stats 1961, chap 3, par 224. From the evidence in the record concerning the condition and cost of upkeep of the property we cannot say the sale was not in the incompetent's best interest.

██ The court did not err in allowing the appearance of an additional attorney for the appeal and allowing his fees. The decree of sale and the order approving the report of the sale imposed a duty upon the conservator to deliver a deed to the purchaser and to accept the purchase price. Ill Rev Stats 1961, chap 3, pars 240, 242. It does not appear from the record that these matters were disposed of and consequently the conservator has an interest in the outcome of this appeal.

Mary Devereux died on January 19, 1964, during the pendency of the appeal in General Number 50,091. Letters of executorship issued to Frank H. Kirk on March 6, 1964, and on June 1, 1964 he filed a citation petition for an order upon the conservator to turn over the assets of the incompetent's estate to the deceased's estate. In his answer to the petition, the conservator set up the appeal pending in General Number 50,091 as barring the Probate Court's jurisdiction until such time as the appeal therein has been disposed of. The petition was dismissed, from which dismissal the appeal in General Number 49,999 is taken.

It is the executor's position that, irrespective of whether the conservator was duly qualified to act or not, upon the death of the incompetent the Probate Act imposes a duty upon the conservator to turn over the assets to the executor of the deceased's estate. It

is further contended that, while the conservator may be compelled to turn over the assets, this can be done only through a court order and that therefore the court erred in dismissing the citation petition.

While appellant is correct in stating that the Probate Court has the power to force a conservator to turn over assets in his possession which belong to a deceased person, it is clear that the exercise of this power is discretionary with the court. Section 309 of the Probate Act provides that the conservator shall make a final accounting within thirty days after the termination of his office, or within such further time as the court may allow. Ill Rev Stats 1963, chap 3, par 309. Section 311 provides that on final settlement of the estate of the incompetent or sooner if the court directs, the conservator shall pay over the assets which he holds to those entitled thereto. Ill Rev Stats 1963, chap 3, par 311. Section 313 provides that the court may enforce the settlement of an incompetent's estate by ordering a citation to issue upon the conservator to appear and either make a settlement or show cause why it is not made. Ill Rev Stats 1963, chap 3, par 313. Upon the termination of the office of the conservator his authority as conservator continues only for the purpose of making his final settlement and his accounting, as is indicated by the three above-cited sections of the Probate Act. In view of the fact that the sale of the real estate was contested, the conservator was in no position to make his final settlement and accounting. Until the matter between the incompetent and Berry Homes was disposed of on appeal, it could not have been known whether the real estate or the purchase price was an asset of the incompetent's estate, nor which should have been the subject of the final settlement and accounting. The Probate Court, under these circumstances, did not abuse its discretion in declining to

11

force the conservator to make his final settlement and accounting.

The orders are affirmed.

Orders affirmed.

BRYANT and LYONS, JJ., concur.

ON REHEARING

Having further reviewed the briefs and having considered the petition for rehearing, the answers and the reply and the cases cited, we have decided to adhere to the opinion affirming the orders.