In re ESTATE OF MILDRED L. WRAGE, Deceased (The Northern Trust Company, as Adm'r of the Estate of Mildred L. Wrage, Deceased, Petitioner-Appellee, v. Jean Carol Tracey, Respondent-Appellant).

First District (6th Division)   No. 1—88—3112

Opinion filed January 19, 1990.

118

Gene L. Armstrong, of Cichocki & Armstrong, Ltd., of Chicago, for appellant.

Groble & Groble, Ltd., of Chicago (Daniel F. Marren, Phillip J. Fowler, and George W. Groble, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Petitioner, The Northern Trust Company as independent administrator with the will annexed of the estate of Mildred I. Wrage, deceased, initiated citation proceedings against decedent's granddaughter, respondent Jean Carol Tracey, for wrongful conversion of $86,735 from a checking account. The trial court entered judgment on the pleadings in favor of petitioner after finding that the checking account was not in joint tenancy. Respondent appeals, contending that the account was in joint tenancy; that the trial court had no jurisdiction to enter judgment; and that petitioner's attorneys acted under a conflict of interest.

In June 1983, decedent suffered from health problems, and respondent, her granddaughter, cared for her. In August 1984, decedent opened checking account number 06—1072—0 at the Bank of Lincolnwood. On September 5, 1986, respondent was placed on the account pursuant to a handwritten memorandum, dated August 19, 1986. The memorandum signed by decedent, stated:

> "To whom it may concern, I Mildred Wrage of 6542 North Kilpatrick, Lincolnwood, Il. do hereby authorize my granddaughter, Jean Carol Tracey to have an authorized signature on my Bank of Lincolnwood checking account number 06—1072—0."

On the bank's account card, a bank employee affixed her signature, and placed a check mark in the box labelled "power of attorney." On the reverse side, the employee wrote, "Awaiting POA."

On September 15,1986, decedent executed a written power of attorney, granting that power to respondent. Acting under the power of attorney, between September 15, 1986, and May 4, 1987, respondent withdrew $52,495.79 from various accounts solely in the name of decedent and deposited them into checking account number 06—1072—0. Respondent withdrew funds from the checking account to pay for decedent's living expenses.

Pursuant to a request filed by decedent's three children, on May 4, 1987, decedent was found to be disabled. Petitioner was appointed guardian of the estate, and respondent was appointed guardian of the person. Beginning on May 4, 1987, respondent was granted $500 per week as compensation.

Shortly thereafter, respondent contacted decedent's attorney and requested compensation for her past services in caring for decedent. The attorney declined to represent her because he represented the estate. Respondent hired an attorney and filed a claim seeking compensation at $25,872 for services rendered between September 15, 1986,

and May 4, 1987. Judge Harrison heard the matter on August 24 and October 8, 1987.

At the August 24 hearing, Judge Harrison raised the issue of a potential conflict of interest in the relationship between decedent's attorney and respondent. The court expressly found that no conflict of interest existed. No objection was made by respondent.

On September 18, 1987, decedent died. On October 2, 1987, her will was admitted to probate and letters of office were issued to petitioner.

On October 8, 1987, the August 24 hearing was resumed. At its conclusion, the court allowed respondent's claim in the amount of $17,170.

Two days later, respondent withdrew all funds from checking account 06—1072—0, totalling $86,735.94.

On November 6, 1987, the Lincolnwood bank notified petitioner of the withdrawal. Respondent refused petitioner's demands to return the funds. On March 31, 1988, petitioner filed a petition for citation to recover property, alleging wrongful conversion. On June 3, 1988, respondent filed a response and affirmative defense, arguing that the account was in joint tenancy with right of survivorship.

On June 16, 1988, petitioner filed a motion for judgment on the pleadings. On August 16, 1988, respondent presented a motion to compel withdrawal of petitioner's attorneys.

On August 30, 1988, respondent filed a motion to quash citation and to dismiss the amended petition, because it omitted the proper verification and thus the court lacked subject matter jurisdiction.

On September 12, 1988, Judge Perivolidis granted petitioner's motion for leave to amend its amended petition by adding certification to the original and amended petitions, which were filed *instanter*. The court granted petitioner's motion for judgment on the pleadings, ruling that the account did not meet the statutory requirements for joint tenancies in bank accounts. The court ordered respondent to deliver the entire proceeds of the account to petitioner. The court denied without prejudice respondent's motion to compel withdrawal of petitioner's attorneys. The court also denied respondent's motion to quash the citation and to dismiss the amended petition. No post-judgment motions were filed.

■ We first address the jurisdictional issue. Under section 2— 616(a) of the Code of Civil Procedure, prior to judgment the court may properly permit an amendment to the pleadings to add the certification which the Probate Act of 1975 requires. (Ill. Rev. Stat. 1987, ch. 110, par. 2—616(a). See also Ill. Rev. Stat. 1987, ch. 110½, pars. 1

through 6 (Code of Civil Procedure applies to Probate Act).) The amendment was proper here, and the trial court had subject matter jurisdiction.

Respondent's reliance on *In re Estate of Lindheimer* (1962), 36 Ill. App. 2d 434, 184 N.E.2d 759, is misplaced. In that case, this court upheld a dismissal based on lack of jurisdiction where the pleadings were unverified. There, however, the judgment had been entered and the 30-day post-judgment period had passed when the amendment was sought. Here, the amendment was obtained prior to the entry of judgment. See *Ennor v. Hodson* (1888), 28 Ill. App. 445, *rev'd on other grounds* (1890), 134 Ill. 32, 25 N.E. 582.

■■ ■ We next address respondent's contention that the checking account in question is held in joint tenancy. Respondent argues that genuine issues of material fact remain. In considering a motion for judgment on the pleadings, the issue is the sufficiency of the pleadings as a matter of law, *i.e.*, whether movant is entitled to judgment as a matter of law where no genuine issues of material fact exist. (*Berymon v. Henderson* (1985), 135 Ill. App. 3d 858, 482 N.E.2d 391.) Respondent points to her denials of various allegations as evidence of remaining issues of fact. For example:

"ALLEGATION: 3—A. Since October 10, 1987, the respondent *** has wrongfully withheld the proceeds of a checking account *** in the amount of $86,735.94, which funds are and were the sole property of the decedent and her estate and which were wrongfully removed *** by respondent ***.

ANSWER: 3—A. Respondent denies the allegations of this paragraph.
***

ALLEGATION: 3—C. [P]etitioner made repeated demands upon the Respondent and her attorney for the return of these funds *** and the Respondent has wrongfully refused to return the funds ***.

ANSWER: 3—C. Respondent *** denies that Petitioner made any demand upon her or her attorney prior to filing the Petition herein and denies the remaining allegations of this paragraph.
* * *

ALLEGATION: 8. Illinois Revised Statutes ***, chapter 76, par. 2 governs the Illinois law on the creation of an enforceable joint tenancy with the right of survivorship, which governs this dispute as follows. Unless a written instrument exists that expresses the intention of a party to create a joint tenancy in per-

sonal property with the right of survivorship there is no joint tenancy.

ANSWER: 8. Respondent states that the allegations in this paragraph are legal conclusions as to which no response is required. If further response is required, Respondent denies the allegations of this paragraph.

\* \* \*

ALLEGATION: 9. Since no written instrument existed from the decedent creating joint tenancy with the Respondent in the \*\*\* checking account \*\*\*, the Respondent has wrongfully removed the funds from that account and continues to wrongfully refuse to deliver the proceeds of that account \*\*\*.

ANSWER: 9. Respondent states that the allegations in this paragraph are legal conclusions as to which no response is required. If further response is required, Respondent denies the allegations of this paragraph."

We cannot see how any of these statements, or others pointed to by respondent, can be construed as raising material issues of fact. On the contrary, the answers are inadequately pled, as they are overbroad, conclusory assertions, which may not be considered in determining whether the pleadings raise questions of law appropriate for entry of judgment on the pleadings. (See *Upper Avenue National Bank v. First Arlington National Bank* (1980), 81 Ill. App. 3d 208, 400 N.E.2d 1105.) Respondent also included a statement in her answer that she "denies that her claim to the proceeds withdrawn from the account no. 06—1072—0 is based solely upon" the August 29, 1986, memorandum and the September 5, 1986, account card. However, respondent never indicated what, if anything, she *did* rely upon to prove a joint tenancy and to prevent judgment on the pleadings. If in fact she had written evidence, it should have been submitted with the pleading. See Ill. Rev. Stat. 1987, ch. 110, par. 2—606; *Plocar v. Dunkin' Donuts of America, Inc.* (1981), 103 Ill. App. 3d 740, 431 N.E.2d 1175.

Respondent's other affirmative defenses, alleging estoppel, mistake of fact or law, and mutual mistake of fact or law, fail to provide any factual basis for her position, and thus they are inadequately pled. See *Economy Truck Sales & Service, Inc. v. Granger* (1965), 61 Ill. App. 2d 111, 209 N.E.2d 1; see also *Warren Barr Supply Co. v. Haber Corp.* (1973), 12 Ill. App. 3d 147, 298 N.E.2d 301.

Thus, the question presented here was a question of law. Furthermore, the facts are such that a reasonable person could determine them in only one way, *i.e.*, that no joint tenancy existed. See

*Honkomp v. Dixon* (1981), 97 Ill. App. 3d 476, 422 N.E.2d 949.

Section 2 of the joint rights and obligations act abolishes joint tenancies in personal property, including bank accounts, except in limited situations.

"Except as to executors and trustees, and except also where by will or other instrument in writing expressing an intention to create a joint tenancy in personal property with the right of survivorship, the right or incident of survivorship as between joint tenants or owners of personal property is hereby abolished, and all such joint tenancies or ownerships shall, to all intents and purposes, be deemed tenancies in common ***.

(a) When a deposit in any bank *** has been made *** in the names of two or more persons payable to them when the account is opened or thereafter, such deposit *** may be paid to any one of said persons whether the other or others be living or not, and when an agreement permitting such payment is signed by all said persons at the time the account is opened or thereafter the receipt or acquittance of the person so paid shall be valid and sufficient discharge from all parties to the bank for any payments so made." Ill. Rev. Stat. 1987, ch. 76, par. 2(a).

In *Doubler v. Doubler* (1952), 412 Ill. 597, 107 N.E.2d 789, the court strictly construed this requirement. It held there was no joint tenancy in a bank account due to the absence of a signed signature card or other written agreement. The husband's attempt to add his wife by writing "Payable to either of them or the survivor with full survivorship rights" was ineffective.

In *Frey v. Wubbena* (1962), 26 Ill. 2d 62, 185 N.E.2d 850, the court explained that a bank account is a "fluctuating *res*, subject to daily change in amount by any of the joint owners. Joint tenancy in such an unstable atmosphere as a shifting bank account should be created by contract of the parties detailing their rights and duties under existing statutory authority." (*Frey v. Wubbena*, 26 Ill. 2d at 69, 185 N.E.2d at 855.) Thus, there must be an agreement in writing. (26 Ill. 2d at 69, 185 N.E.2d at 855.) The account's listing the names of the father or first daughter or second daughter, therefore, was ineffective because it did not indicate an intention to create the right of survivorship or that there was a deposit agreement providing for joint tenancy. *Frey v. Wubbena*, 26 Ill. 2d 62, 185 N.E.2d 850.

■ The minimum necessary, then, is a signed writing stating that the account is held in joint tenancy with rights of survivorship. See *Frey v. Wubbena*, 26 Ill. 2d 62, 185 N.E.2d 850; *In re Estate of*

*Schneider* (1955), 6 Ill. 2d 180, 127 N.E.2d 445; *Doubler v. Doubler*, 412 Ill. 597, 107 N.E.2d 789; *Illinois Trust & Savings Bank v. VanVlack* (1923), 310 Ill. 185, 141 N.E. 546; *Price v. Saffield* (1963), 45 Ill. App. 2d 94, 195 N.E.2d 44.

In the present case, there is a handwritten memorandum dated August 1986 authorizing the placement of respondent's name on the checking account. It reads: "I *** hereby authorize my granddaughter, Jean Carol Tracey to have an authorized signature on my" checking account. There is also a bank account card, which includes a check in a box marked "Power of Attorney," and a note which states, "Awaiting POA." There is also a subsequently executed power of attorney. There is nothing on any of these items indicating the existence of a joint tenancy. Instead, respondent's name on the account was restricted to her acting under the power of attorney. Any such agency relationship terminated upon the death of the principal. See *Gould Coal Co. v. Excelsior Brewing Co.* (1960), 26 Ill. App. 2d 488, 168 N.E.2d 805.

We hold that the trial court correctly found that there was no joint tenancy created, properly entered judgment on the pleadings in favor of petitioner, and correctly ordered respondent to deliver the entire proceeds of the account to petitioner.

Respondent also contends that the trial court erred in not granting her motion to compel withdrawal of petitioner's attorneys. Respondent argues that the attorneys acted both for the decedent and for respondent, *e.g.*, when the power of attorney and other related advice was sought. Thus, she maintains, the attorneys would be required to "use against her the confidential and sensitive information she revealed to them while she believed they were her attorneys."

We disagree with petitioner's argument that the denial of respondent's motion to compel withdrawal was not a final order because it contained the language "without prejudice." We find, however, that respondent may not raise the issue.

In August 1987, both parties appeared before Judge Harrison regarding respondent's request for fees for services rendered to decedent. Judge Harrison began the hearing by asking decedent's attorney about the potential conflict:

"THE COURT: I *** wanted to ask you, in view of the fact that you prepared the power of attorney upon which this claimant [respondent] seems to have relied, at least in part, in rendering services for which is now making a monetary claim and you are also defending the claim in a sense on behalf of the estate guardian, [decedent's] daughter. Do you have any conflict here?"

After hearing from the attorneys, the court concluded: "I don't really see a conflict." The court expressly asked if decedent's attorney represented respondent "in her capacity as guardian of the person." The attorney responded no, that he only represented the estate.

■ Judge Harrison expressly found there was no conflict of interest. Thus, under the rules of collateral estoppel, the issue between the parties here has already been decided. See *Kahler v. Don E. Williams Co.* (1978), 59 Ill. App. 3d 716, 375 N.E.2d 1034.

Moreover, respondent failed to make any objection to Judge Harrison's finding, even though decedent's attorneys acted in a role adversary to respondent, cross-examined her, and successfully reduced the request for $25,872 in fees to $17,170. Thus, respondent has waived the issue in further proceedings.

Although we need not reach the issue on the record before us, we also would find that decedent's attorneys never represented respondent in any matter. There is nothing in the record indicating that respondent manifested her authorization that the attorneys act on her behalf, or that the attorneys indicated an acceptance of that power. (See *York v. Stiefel* (1982), 109 Ill. App. 3d 342, 440 N.E.2d 440, *aff'd in part & rev'd in part on other grounds* (1983), 99 Ill. 2d 312, 458 N.E.2d 488; *Flight Kitchen, Inc. v. Chicago Seven-Up Bottling Co.* (1974), 22 Ill. App. 3d 558, 317 N.E.2d 663.) No offer to retain was accepted, and no retainer or fee was paid. See *Zych v. Jones* (1980), 84 Ill. App. 3d 647, 406 N.E.2d 70.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

LaPORTA, P.J., and EGAN, J., concur.