995

*In re* MARRIAGE OF JOSEPH G. DUDEK, Petitioner, and SOPHIE DAR-
LENE DUDEK, Respondent (Georgene Beechick, as Adm'r of the Estate of
Sophie Darlene Dudek, Deceased, Plaintiff-Appellant, v. Joseph G. Dudek,
Defendant-Appellee).

Second District   No. 2—89—1275

Opinion filed August 28, 1990.

Richard J. Johnson, of Pasky & Wood, of Aurora, for appellant.

Richard D. Felice, of Wheaton, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, Georgene Beechick, administrator of the estate of Sophie Dudek, appeals from an order of the circuit court of Du Page County dismissing plaintiff's petition to enforce a judgment for dissolution of marriage. Plaintiff contends that, pursuant to the dissolution judgment and the settlement agreement incorporated therein, Sophie had certain contractual rights in the property which the estate is now entitled to enforce. We affirm.

The marriage of Joseph and Sophie Dudek was dissolved in 1985. Their property settlement agreement was incorporated into the dissolution judgment. As relevant to this appeal, the settlement agreement provided that the marital residence, which the parties held in joint tenancy, would remain in joint tenancy. Joseph had the right to reside in the home, and he became responsible for the mortgage payments, taxes, insurance, utility bills and repair costs. He had the right to any tax benefits associated with the residence and the right to lease the premises. The property settlement agreement also provided that, upon the agreement of the parties, the marital residence could be sold. From the proceeds, Joseph would receive the sum of $2,329.53; the parties would share equally in the remainder of the proceeds. If the parties were unable to reach an agreement regarding the sale of the home, a "Court of competent jurisdiction" would decide the matter.

Sophie Dudek died in 1986, and Georgene Beechick was appointed the administrator of her estate. During Sophie's lifetime, she never took any action to sell the property and never instituted any court procedure to cause a sale. On August 28, 1989, Beechick (hereinafter referred to as the administrator) filed a petition seeking to enforce the marital settlement agreement. The petition requested that Joseph be required to sell the marital residence and divide the proceeds as outlined in the settlement agreement or to have the property appraised and pay Sophie's estate Sophie's share of the value of the residence. Joseph filed a motion to dismiss the administrator's petition. He argued that, pursuant to the joint tenancy provision, upon Sophie's death all right, title and interest in the property vested in him as the surviving joint tenant. The trial court granted the motion to dismiss. The court stated:

"I feel that because of the express language in the agreement of the parties that the property remain in joint tenancy, unless it can be shown *** to this Court that it was the intent of the parties that that language was something other than that which is clear on its face, either ambiguous or unknown to the *** de-

cedent \*\*\*, that that was a definite expression upon the parties' part to keep the property in joint tenancy, and that upon the death of either, joint tenancy rights would exist, which means right of survival."

The administrator agrees with the trial court that the joint tenancy was not severed prior to Sophie's death and that upon her death Joseph acquired sole title to the property. The administrator does not question title but argues instead that the property settlement agreement is a contract and that the estate may enforce the terms of the contract.

■■ ■ When a property settlement agreement between spouses whose marriage is being dissolved has been approved by the court and incorporated into the judgment of dissolution, it becomes merged in the judgment, and the rights of the parties thereafter rest upon the judgment. (*In re Marriage of Dowty* (1986), 146 Ill. App. 3d 675, 678-79.) In interpreting the terms of such an agreement, the courts apply the normal rules of construction of contracts; the object in so doing is to give effect to the intention of the parties. *In re Estate of Kite* (1974), 19 Ill. App. 3d 932, 934.

In the present case, the agreement at issue stated:

"Husband and Wife agree that the residence shall remain in joint tenancy. \*\*\*

Upon agreement by the parties the Marital Residence may be sold and the net proceeds divided as follows:

Husband shall receive the sum of $2,329.53 and the remainder shall be divided:

Fifty percent (50%) to Wife

Fifty percent (50%) to Husband

If the parties are unable to reach an agreement regarding the sale of the Marital Residence, a Court of competent jurisdiction shall decide the matter."

■ The trial court indicated that it believed that the key provision of the agreement was the joint tenancy provision. We agree. One of the essential characteristics of the estate of joint tenancy is survivorship, that is, the right of the last surviving joint tenant to take the whole. (*Harms v. Sprague* (1984), 105 Ill. 2d 215, 224.) Upon the death of a joint tenant, title passes by operation of law to the survivor. (*Bonczkowski v. Kucharski* (1958), 13 Ill. 2d 443, 451.) Both parties agree that full title to the property passed to Joseph upon Sophie's death. The question remains whether the passing of title affected other rights or interests, if any, that arose by operation of the settlement agreement.

Plaintiff contends that *Dowty* and *Sondin v. Bernstein* (1984), 126 Ill. App. 3d 703, support her position on appeal. In *Dowty*, the husband and wife owned a home in joint tenancy. At the dissolution hearing, attorneys for both spouses agreed that the property was about to be sold, but before any sale could occur, the wife died. The trial court determined that the husband was the sole owner of the property as the surviving joint tenant, and the appellate court reversed. The appellate court noted that the parties intended to divide the property following their divorce. (*Dowty*, 146 Ill. App. 3d at 679-80.) The court also pointed out that the wife's estate could enforce the terms of the property settlement agreement to sell the property under a contract theory, relying on *Sondin*.

In *Sondin*, the husband and wife held certain property in joint tenancy. Their dissolution settlement agreement provided that in the event of a sale of the property the husband and wife would share equally in the profits. The husband died before the property was sold, and his estate sued for his share of the profits of a subsequent sale. The estate claimed that the joint tenancy had been severed and that the estate had a one-half interest in the property as a tenant in common. The appellate court held that the joint tenancy had not been severed. (*Sondin*, 126 Ill. App. 3d at 706.) The court concluded, however, that the husband had a contractual right to one-half of the profits from a sale of the home and that right survived his death. (126 Ill. App. 3d at 708-09.) Thus, the wife was required to pay one-half of the profits from the sale to the husband's estate. The fact that the wife now had sole title to the property did not affect the obligations which the settlement agreement imposed on the parties.

We, however, find *Dowty* and *Sondin* distinguishable from our case in one crucial aspect, namely, that the parties here clearly demonstrated their intent that the property remain in joint tenancy following the dissolution. Sophie never took any action contrary to that intent. In *Dowty*, the parties had their home "on the market" at the time of the dissolution and thus intended to sever the joint tenancy. (*Dowty*, 146 Ill. App. 3d at 679-80.) In *Sondin*, the parties did not indicate in their settlement agreement their intention that the property remain in joint tenancy following the dissolution. Instead, the court determined that neither the dissolution decree nor the property settlement operated to sever the joint tenancy. *Sondin*, 126 Ill. App. 3d at 708.

We read the agreement in this case as expressing the parties' intention that the property remain in joint tenancy following the dissolution of their marriage. The parties did place provisions regarding

the sale of the property in the agreement, apparently to allow defendant to receive an additional sum of money following the sale and to provide procedures should the parties be unable to reach an agreement concerning a sale. If we would allow plaintiff to recover one-half of all proceeds from the sale of the residence (after defendant received his $2,329.53 additional sum), we would not be following the parties' intention that the property remain in joint tenancy with the right of survivorship. The trial court stated: "[T]here's an express provision that the property shall remain in joint tenancy. *** I have to presume that with that statement in there it was the intent of the parties that the property remain in joint tenancy until such time as any party desired to exercise his right to sell." We agree with the trial court's reasoning.

For the above reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

McLAREN and GEIGER, JJ., concur.