*In re* ESTATE OF EMIL REGELBRUGGE, Deceased (James Regelbrugge, Adm'r of the Estate of Emil Regelbrugge, Deceased, Petitioner-Appellee; Lucille Seyller *et al.*, Respondents-Appellants).

Second District   No. 2—91—0483

Opinion filed February 14, 1992.

Joseph Michael Williams, of St. Charles, for appellants.

Robert A. Chapski, of Law Office of Robert A. Chapski, Ltd., of Elgin (Randy K. Johnson, of counsel), for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Emil Regelbrugge died intestate on September 18, 1988. James Regelbrugge, decedent's son and administrator of his estate, initiated a citation proceeding on behalf of the estate pursuant to section 16—1 of the Probate Act (Ill. Rev. Stat. 1989, ch. 110½, par. 16—1) to recover the proceeds of three bank accounts which passed by survivorship to decedent's sister, Josephine Wenberg, and his former wife, Lucille Seyller, citation respondents. After a bench trial, the court found that two of the accounts were validly transferred to respondents prior to decedent's death. However, the court also found that respondents did not establish a valid joint tenancy as to the third account, No. 21215-9, by clear and convincing evidence. Accordingly, a judgment for possession of the account was entered in favor of the estate, and respondents were ordered to transfer the proceeds of the account to

the estate. Respondents appeal from the portion of the judgment finding the third account to be estate property. We reverse and remand.

Respondents first contend that the the trial court employed an incorrect burden of proof in assessing the sufficiency of the evidence. They assert that the administrator carried the burden of establishing a *prima facie* case that the property in question belonged to the estate. However, the trial court placed the burden of proof on the respondents and found that they failed to prove the elements of a gift, stating as follows:

"[T]he evidence *** is conflicting. It does not allow the Court to come to a conclusion by a preponderance, let alone clear and convincing, that there was donative intent to transfer and consent [and] that these two were contemporaneous.

For example, there is throughout this whole thing the issue that there may have been a desire this account be for convenience. ***

There is the other issue of whether the intent has changed, as it seems to have been, if I believe the evidence over the course of the period of time. And there is also the question of when the transfer, if it was ever made, was finally made. If [decedent] at that time knew he [*sic*] what he was doing in terms of creating a joint account."

■ One of the essential characteristics of a joint tenancy is the right of survivorship, that is, the right of the last surviving joint tenant to take the whole. (*Harms v. Sprague* (1984), 105 Ill. 2d 215, 224; *In re Estate of Alpert* (1983), 95 Ill. 2d 377, 381.) Upon the death of a joint tenant, title passes by operation of law to the survivor. *Bonczkowski v. Kucharski* (1958), 13 Ill. 2d 443, 451; *In re Marriage of Dudek* (1990), 201 Ill. App. 3d 995, 997.

■ ■ Joint tenancies in personal property are governed by section 2 of the Joint Tenancy Act. (Ill. Rev. Stat. 1989, ch. 76, par. 2.) When a joint savings account is established by a preponderance of evidence in accordance with the statutory provisions, a rebuttable presumption arises that the party furnishing the funds for the account intends to make a gift to the joint tenants. Once an account is established, the burden shifts to the party challenging the account to present clear and convincing evidence that a joint tenancy account was not intended. (*Murgic v. Granite City Trust & Savings Bank* (1964), 31 Ill. 2d 587, 590-91; *Frey v. Wubbena* (1962), 26 Ill. 2d 62, 70-71; *In re Estate of Martin* (1990), 201 Ill. App. 3d 1061, 1065.) Because the parties in this case dispute that the account in issue was in joint tenancy, the trial court correctly found that the presumption spo-

ken of in *Murgic* and *Frey* did not initially arise. (See *O'Vadka v. Rend Lake Bank* (1990), 203 Ill. App. 3d 1007, 1015.) Therefore, we find no error in requiring respondents to carry the initial burden of proving that a joint tenancy was created.

■ Next, respondents contend that the trial court erred in finding the account in issue to be property of the estate. A trial court's finding that certain property belongs to the estate will not be disturbed on appeal unless it is against the manifest weight of the evidence. (*In re Estate of Weisberg* (1978), 62 Ill. App. 3d 578, 588.) To sustain the burden of proving a valid joint tenancy, respondents were required to prove that (1) an interest in personal property was created by means of a written instrument; (2) the instrument expresses the intent to create a joint tenancy by expressly providing that the property so held is subject to the rights of survivorship between the owners; and (3) the instrument complies with the requirements of a will as to definiteness of description of subject matter, parties, and certainty of its object. *O'Vadka*, 203 Ill. App. 3d at 1015; *David v. Ridgely-Farmers Safe Deposit Co.* (1950), 342 Ill. App. 96, 109.

In an effort to make out a *prima facie* case, respondents called Diane Honeyman, assistant cashier of Harris Bank in St. Charles, as a witness. She presented a microfiche copy of the signature card on the account in issue. The card contained decedent's signature and revealed that the account was opened in 1967 in his name only. Although Honeyman could not produce a card bearing Wenberg's signature, she did produce a photocopy from the bank's microfilm records containing the signatures of decedent and Wenberg, accompanied by a statement that Wenberg was made a joint tenant to the account on October 1, 1984. Her records also showed that Michele Tierney, Wenberg's daughter, became a party to the account in September 1988.

■ Because the original signature card bearing Wenberg's signature was not produced, the estate contends that respondents failed to prove that a joint tenancy was created. Although the Joint Tenancy Act (Ill. Rev. Stat. 1989, ch. 76, par. 2) has been interpreted as requiring a signed agreement stating that the property is held in joint tenancy subject to rights to survivorship (*Frey*, 26 Ill. 2d at 69; *Doubler v. Doubler* (1952), 412 Ill. 597, 600; *In re Estate of Wrage* (1990), 194 Ill. App. 3d 117, 123), the existence of such agreement can be proved by evidence other than a signature card. It is appropriate to consider the facts surrounding the creation of the account and the circumstances and events occurring after. (*Cf. In re Estate of Schneider* (1955), 6 Ill. 2d 180, 187.) Relevant factors include the exercise of authority and control over the account and the survivor's understanding

of the account. *In re Estate of Guzak* (1979), 69 Ill. App. 3d 552, 555; see also *In re Estate of Denler* (1980), 80 Ill. App. 3d 1080, 1087.

In this case, Wenberg testified that she signed a signature card for the account in issue in the fall of 1984 and that both she and decedent kept a savings book for the account. Although she stated that she deposited funds into the account but did not make any withdrawals for her personal use during her brother's life, she claims to have understood that she was able to do so because both of their names were on the account. Furthermore, the savings books admitted into evidence revealed the names of both decedent and Wenberg on the account. Finally, Karin Rosenthal, head cashier of Harris Bank in St. Charles, produced records indicating that the bank began to send Wenberg statements on the account starting in the third quarter of 1984, which corroborated the testimony of both Wenberg and Honeyman.

■ Accordingly, we find that the evidence established that decedent intended to make Wenberg a joint tenant and did so by having her sign a signature card stating that the account was in joint tenancy. Although the sole testimony of a donee is of questionable credibility and should be carefully scrutinized (*In re Estate of Hackenbroch* (1962), 35 Ill. App. 2d 155, 162; *In re Estate of Trampenau* (1980), 88 Ill. App. 3d 690, 695), there was sufficient corroborative evidence in this case. At this point, the burden shifted to the estate to overcome the presumption of donative intent by clear and convincing evidence. (*In re Estate of Lewis* (1990), 193 Ill. App. 3d 316, 320.) Although the estate contends that Wenberg's name was placed on the account for decedent's convenience, there is no direct indication that this was the case. When Wenberg's name was added to the account, decedent was living with Lucille Seyller, his former wife, who was a joint tenant with decedent on an account not at issue in this appeal. Seyller testified that she helped decedent by cashing checks and shopping for him. It is a reasonable conclusion that any account for his convenience would bear Seyller's name, since she was in close proximity and admitted to using the money in the joint account between decedent and herself for their living expenses.

Thus, the only evidence indicating a lack of donative intent is that Wenberg did not withdraw funds for her personal use during decedent's life. However, as stated in *Lewis*, "[q]uite often a person creating a joint account as a gift may hope the donee, joint owner, will not use the asset until the death of the donor." (*Lewis*, 193 Ill. App. 3d at 323.) We find that the respondents sustained their burden that a joint tenancy was created as set forth herein. Additionally, we find that the

estate failed to rebut that the account in issue was either for convenience or not intended as a gift by clear and convincing evidence. Therefore, the portion of the trial court's judgment finding the account at issue to be estate property is against the manifest weight of the evidence.

Accordingly, the portion of the judgment finding account No. 21215-9 to be estate property and ordering respondents to turn over the proceeds to the estate is reversed, and the cause is remanded for further proceedings in conformance with this opinion.

Reversed and remanded.

GEIGER and NICKELS, JJ., concur.